PEOPLE v BUTCHER

1. CRIMINAL LAW—CONSTITUTIONAL LAW—SPEEDY TRIAL.

A claim that a defendant's right to a speedy trial has been denied is analyzed by an inquiry into the presence or absence and relative weight of four factors: length of delay, reason for delay, the defendant's assertion of his right, and prejudice to the defendant.

2. CRIMINAL LAW—CONSTITUTIONAL LAW—SPEEDY TRIAL.

A defendant was not denied his right to a speedy trial where the delay was 14 months, the defendant himself was primarily responsible for the delay by protracting plea negotiations, there was no *assertion* of the right but only an oral request for trial at the earliest possible date, and where no showing of prejudice was made.

3. CRIMINAL LAW—INTERSTATE AGREEMENT ON DETAINERS—JURISDICTION.

The trial court did not forfeit its jurisdiction over a defendant for failure to commence trial within 180 days of his request for a speedy trial as provided by the interstate agreement on detainers act because an oral request by counsel for trial "at the earliest possible date" made at the pretrial conference does not substantially comply with the notice requirements of the act and where the defendant had not entered on a term of imprisonment in a state a party to the agreement when the alleged notice was given, but was awaiting trial in Michigan (MCLA 780.601).

Appeal from Kalamazoo, Donald T. Anderson, J. Submitted Division 3 January 5, 1973, at Grand Rapids. (Docket No. 13978.) Decided March 28, 1973. Leave to appeal applied for.

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 21 Am Jur 2d, Criminal Law §§ 241–256.
[2] 21 Am Jur 2d, Criminal Law §§ 250–255.
[3] 21 Am Jur 2d, Criminal Law § 246.

Robert Butcher was convicted, on his plea of guilty, of breaking and entering with intent to commit larceny. Defendant appeals. Affirmed, with sentence modified.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Donald A. Burge,* Prosecuting Attorney, and *Stephen M. Wheeler,* Assistant Prosecuting Attorney, for the people.

*Judith K. Munger,* Assistant State Appellate Defender, for defendant.

Before: HOLBROOK, P. J., and FITZGERALD and VAN VALKENBURG,* JJ.

HOLBROOK, P. J. Defendant was charged on or about December 7, 1970, with the crimes of breaking and entering a service station with the intent to break a safe, and breaking and entering a service station with intent to commit a larceny. MCLA 750.531; MSA 28.799; MCLA 750.110; MSA 28.305. An attorney was appointed for defendant December 11, 1970, and a preliminary examination was scheduled for December 16, 1970. On December 21, 1970, defendant was delivered to Federal authorities pursuant to a writ of *habeas corpus ad prosequehdum.* He was convicted in Federal court in Kalamazoo and sentenced to ten years in prison. He was then returned to state authorities and lodged in Kalamazoo County Jail. On January 18, 1971, after waiving his preliminary examination, the defendant was arraigned in Kalamazoo County Circuit Court, whereupon he stood mute to both aforementioned charges. On February 1, 1971, defendant's court-appointed at-

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

torney was granted permission to withdraw from the case, and on February 8, 1971, a new attorney was appointed for him. On February 22, 1971, a pretrial conference was held and defendant reserved the right to file motions within 20 days. On March 1, 1971, defendant was removed to Federal custody again and he began serving his Federal sentence in the penitentiary in Leavenworth, Kansas. On January 26, 1972, a writ of *habeas corpus ad prosequendum* was issued to Federal officials on behalf of this state, and defendant was returned to Michigan on February 7, 1972. On February 14, 1972, a hearing was held on defendant's motion to dismiss the charges on grounds he had been denied his constitutional right to a fair and speedy trial. The motion was denied by the trial court, and later in the day defendant pled guilty to a charge of breaking and entering a certain building with intent to commit larceny. MCLA 750.110; MSA 28.305. He was sentenced to not less than eight nor more than ten years in prison on February 17, 1972. He now appeals.

Defendant first claims that his state and Federal constitutional right and statutory right to a speedy trial were denied him by the 14-month delay between arrest and trial on the state charge. US Const, Ams VI, XIV; Const 1963, art 1, § 20; MCLA 768.1; MSA 28.1024. He claims that his attorney demanded this right on his behalf February 22, 1971, at the pretrial conference, and submits an affidavit of his trial attorney stating "he requested that the case be set for trial at the earliest possible date" to prove that such a request was made. The old rule in Michigan was that formal demand on the record need be made by a defendant who wished a speedy trial, or else the right was waived. *People v Rogers,* 35 Mich App

547, 551 (1971); *People v Foster,* 261 Mich 247 (1933). That rule was expressly discarded in *People v Grimmett,* 388 Mich 590, 605, footnote 8 (1972). In *Grimmett* the Michigan Supreme Court further recognized that a claim that a defendant's right to a speedy trial had been denied was to be analyzed by an inquiry into the presence or absence, and relative weight, of the four factors enunciated in *Barker v Wingo,* 407 US 514; 92 S Ct 2182; 33 L Ed 2d 101 (1972). Those factors to be taken into account are: length of delay, reason for the delay, the defendant's assertion of his right, and prejudice to the defendant.

We assume, arguendo, that 14 months was a sufficiently long delay to actuate our analysis, while recognizing it is still the burden of the accused to show that he was actually harmed. *People v Collins,* 388 Mich 680 (1972); *People v Den Uyl,* 320 Mich 477 (1948). Our examination of the remaining three factors forces us to conclude that defendant was not denied his right to a speedy trial. Even granting defendant every benefit of the doubt we can hardly characterize his defense lawyer's February 22, 1971 oral request for a trial "at the earliest possible date" as anything more than a *request,* rather than an *assertion* of a right. Moreover, as for the reasons for the delay, we find that defendant himself was primarily responsible for the protraction of his case, which certainly undermines the validity of his claim. *Collins, supra.* After defendant's removal in March 1971 to Federal custody, negotiations took place between defense counsel and prosecution on the Michigan felony charges. Defense counsel kept in touch with defendant by mail, and on August 16, 1971, defense counsel informed defendant that the prosecutor would accept a plea to the single

charge of breaking and entering a building with intent to commit larceny. MCLA 750.110; MSA 28.305. Defendant replied by letter that he had some business to take care of, and apparently the next exchange of letters did not occur until mid-November 1971. It was only then that defendant expressed his desire to return to Michigan and take care of the case. Moreover, there is obviously no prejudice evident from these circumstances, and prejudice is a prime consideration in our analysis. *Barker, Collins, Grimmett, Rogers, supra; People v Spalding,* 17 Mich App 73 (1969). We do not hold, of course, that the occurrence of plea negotiations eliminates the need to bring defendant to a fair and speedy trial of his case. We hold only that in balancing the factors enunciated in *Barker* we can discover no basis on which to find a denial of defendant's constitutional right to a speedy trial.

Defendant next claims that the trial court had no jurisdiction to try the defendant because the proceedings violated the interstate agreement on detainers act, MCLA 780.601; MSA 4.147(1), since he was not tried within 180 days of his request for trial. Assuming the act to be applicable, to hold that defense counsel's alleged request for a speedy trial made in pretrial conference on February 22, 1971, substantially complied with the act would emasculate the act's rather specific notice requirements.[1] Furthermore, the interstate agreement

---

[1] The applicable section reads as follows:

"Article III (a) Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officers' jurisdiction written notice of the place of his imprisonment

requires that a person have entered on a term of imprisonment in a prison in a state a party to the agreement when the required notice is given, which defendant was not on February 22, 1971. MCLA 780.601; MSA 4.147(1). We find that the interstate agreement is not applicable.

Finally, defendant contends that his sentence of eight to ten years violates the minimum sentence standards established in *People v Tanner*, 387 Mich 683 (1972). *Tanner* held that the minimum sentence cannot exceed two-thirds of the maximum. We agree, pursuant to the interpretation of *Tanner* given in *People v Alvin Reed*, 43 Mich App 556 (1972), as to the application of *Tanner* to pending appellate cases. We therefore reduce defendant's minimum sentence to six years, eight months.

Affirmed, with sentence modified.

All concurred.

---

and his request for a final disposition to be made of the indictment, information or complaint: Provided that for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the state parole agency relating to the prisoner.

"(b) The written notice and request for final disposition referred to in paragraph (a) hereof shall be given or sent by the prisoner to the warden, commissioner of corrections or other official having custody of him, who shall promptly forward it together with the certificate to the appropriate prosecuting official and court by registered or certified mail, return receipt requested." MCLA 780.601, Art III(a) and (b); MSA 4.147(1), Art III (a) and (b).