UNITED STATES of America ex rel.
Karl Dean SCHLOBOHM, a/k/a
Stephen M. Befeld, Petitioner,

v.

MEDICAL CENTER FOR FEDERAL PRISONERS and William J. Scott, Attorney General of the State of Illinois, Respondents.

No. 78–1031.

United States District Court,
S. D. Illinois, N. D.

July 18, 1978.

Karl Dean Schlobohm, pro se.

David N. Barkhausen, Asst. Atty. Gen., Chicago, Ill., for respondents.

## DECISION AND ORDER

ROBERT D. MORGAN, Chief Judge.

Petitioner seeks the issuance of a writ of habeas corpus under the provisions of 28 U.S.C. § 2254. He presently is a prisoner in federal custody at the Federal Correctional Institution, El Reno, Oklahoma.[1]

At the expiration of his federal sentence, petitioner is subject to the custody of the State of Illinois, to serve concurrent sentences on two state court convictions. He

attacks the two state court convictions and contends that he is entitled to have his state court sentences vacated and the state charges against him dismissed with prejudice, on the ground that the State violated Article IV(e) of the Interstate Agreement on Detainers Act. 18 U.S.C. App., pp. 1395–1398 (1976). This court has determined that Article IV(e) of the Agreement has not been infringed and that petitioner is therefore not entitled to a writ of habeas corpus. Accordingly, respondent's motion for summary judgment must be allowed.

On June 24, 1975, while serving his federal sentence at the United States Medical Center for Federal Prisoners at Springfield, Missouri, petitioner wrote a letter to the Peoria County State's Attorney's Office requesting the disposition of state criminal charges against him. Pursuant to petitioner's request, a writ of habeas corpus *ad prosequendum* was issued and petitioner was brought before the Circuit Court of Peoria County on August 5, 1975 for arraignment on the state charges. At that time petitioner entered pleas of not guilty to charges of armed robbery and theft by deception.[2] Thereafter, petitioner was returned to the federal medical facility at Springfield, Missouri. On December 1, 1975, petitioner was once again brought before the Illinois court, at which time he entered guilty pleas to both charges, pursuant to a plea agreement, and was sentenced to concurrent terms of 4½ to 9 years and 2 to 6 years.

The thrust of petitioner's claim is that the Interstate Agreement on Detainers Act, to which the United States and the State of Illinois are both parties,[3] was violated when he was returned to the original place of custody between the time of arraignment

1. At the time this action was commenced, petitioner was in federal custody at the United States Medical Center for Federal Prisoners, at Springfield, Missouri.

2. The arraignment was not completed on August 5, 1975, but was continued until August 7, 1975, so that petitioner could confer with counsel about the charges. The not guilty pleas were entered on the latter date.

3. Congress enacted the Interstate Agreement on Detainers Act, 18 U.S.C. App., pp. 1395–1398 (1976), in 1970. The State of Illinois joined the United States and the other enacting states as a party to the Agreement on January 1, 1973. Ill.Rev.Stat., ch. 38, § 1003–8–9 (1975).

and the entry of his guilty pleas. Specifically, he contends that Article IV(e) of the Agreement was violated. Article IV(e) requires the receiving state to try the prisoner on the outstanding charge before returning him to the state in which he was previously imprisoned:

"(e) If trial is not had on any indictment, information, or complaint contemplated hereby prior to the prisoner's being returned to the original place of imprisonment pursuant to article V(e) hereof, such indictment, information, or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice."

Article IV provides the means by which a prosecutor who has lodged a detainer against a prisoner in another state can secure the prisoner's presence for disposition of the outstanding charges. Once a detainer is filed against the prisoner, the prosecutor can have him made available by presenting to the officials of the state in which the prisoner is incarcerated "a written request for temporary custody or availability."

As is clear from Article IV(a), before the provisions of Article IV become applicable, a detainer must have been lodged against the prisoner.[4] Petitioner argues that the writ of habeas corpus *ad prosequendum* constituted a detainer within the meaning of the Agreement. This same argument was raised and rejected in the recent case of *United States v. Mauro*, —— U.S. ——, 98 S.Ct. 1834, 56 L.Ed.2d 329 (1978). The Court in *Mauro* specifically held that a writ of habeas *ad prosequendum* is not a detainer within the meaning of the Agreement and therefore does not trigger the application of the Agreement. *Id.* at 4497. *Mauro* is clearly dispositive of the case at bar; and since no detainer was filed with federal authorities prior to petitioner's state court convictions,[5] petitioner is not entitled to a dismissal of the state charges against him.[6] Therefore, the writ of habeas corpus is denied.

Respondent asserts two additional bases for denying the writ of habeas corpus. First, respondent argues that petitioner has not exhausted his state court remedies as required by 28 U.S.C. § 2254(b). It is not clear from the record what state remedies were pursued by petitioner prior to seeking relief in this court. Because of this ambiguity and because of the court's foregoing ruling on the substantive question presented, there is no occasion to reach the exhaustion question. Second, respondent contends that petitioner expressly requested to be returned to his original place of incarceration (United States Medical Center for Federal Prisoners) following arraignment on the state charges, and therefore he should be estopped from asserting a violation of Article IV(e) of the Agreement. While there is much to be said for this argument,

4. Article IV(a) provides:

"(a) The appropriate officer of the jurisdiction in which an untried indictment, information, or complaint is pending shall be entitled to have a prisoner against whom he has lodged a detainer and who is serving a term of imprisonment in any party State made available in accordance with article V(a) hereof upon presentation of a written request for temporary custody or availability to the appropriate authorities of the State in which the prisoner is incarcerated: *Provided,* That the court having jurisdiction of such indictment, information, or complaint shall have duly approved, recorded, and transmitted the request: *And provided further,* That there shall be a period of thirty days after receipt by the appropriate authorities before the request be honored, within which period the *Governor of the sending State may disapprove* the request for temporary custody or availability, either upon his own motion or upon motion of the prisoner."

5. A detainer was sent by the Assistant State's Attorney of Peoria County to the federal medical center on January 5, 1976, after the state court convictions.

6. Petitioner also contends that federal authorities were notified by letter on March 27, 1975 that the State of Illinois intended to extradite petitioner with respect to the state charges, and that this letter operated as a detainer within the meaning of the Agreement. There is no evidence in the record that such a letter was sent by Illinois authorities. However, assuming *arguendo* that it was sent, it is evident that such a letter could not reasonably be held to constitute a detainer within the meaning of the Agreement.

the court need not, and does not, reach this question, in light of its holding that Article IV(e) of the Agreement is inapplicable because no detainer was filed against petitioner.

Accordingly, IT IS ORDERED that respondent's motion for summary judgment is ALLOWED and judgment is entered for respondent.