416 A.2d 1119

**COMMONWEALTH of Pennsylvania**

v.

**Charles DIGGS, Appellant.**

Superior Court of Pennsylvania.

Argued Aug. 7, 1979.

Filed Dec. 21, 1979.

Petition for Allowance of Appeal Granted July 28, 1980.

122

C. Van Youngman, Philadelphia, for appellant.

Marion E. MacIntyre, Second Assistant District Attorney, Harrisburg, for Commonwealth, appellee.

Before WATKINS, MANDERINO and CIRILLO, JJ.*

PER CURIAM:

Appellant, Charles Diggs, was convicted by a jury of murder of the first degree and kidnapping, after sentencing, this appeal followed.

■ Appellant's counsel raises only one issue contending that the trial court erred in failing to dismiss the charges for murder and kidnapping since dismissal of the charges was required under the Interstate Agreement on Detainers Act. Act of Sept. 8, 1959, P.L. 829, No. 324, 19 P.S. § 1431. Under that Act, a jurisdiction which obtains temporary custody of a prisoner from another jurisdiction as a result of a detainer

* Justice Louis L. Manderino of the Supreme Court of Pennsylvania, and Judge Vincent A. Cirillo of the Court of Common Pleas of Montgomery County, Pennsylvania, are sitting by designation.

must, before returning the prisoner to the original jurisdiction, finally dispose of all pending charges against the prisoner. 19 P.S. § 1431, Art. IV(e). If the prisoner is returned to the original jurisdiction, any pending charges, which have not been finally prosecuted, must be dismissed with prejudice. In this case, Pennsylvania obtained temporary custody of appellant, who was a prisoner at the time under the jurisdiction of the federal government, which is a party, as is Pennsylvania, to the Interstate Agreement on Detainers Act. *Commonwealth v. Merlo*, 242 Pa.Super. 517, 364 A.2d 391 (1976).

Before the final disposition of all pending charges against the prisoner in Pennsylvania, a federal court ordered him returned to federal jurisdiction for a case study commitment to determine a proper sentence as to crimes for which he had been convicted prior to his transfer to Pennsylvania from federal custody. After Dauphin County authorities became aware of appellant's removal, they petitioned the federal court and custody of appellant was again transferred from the federal government to Pennsylvania.

We do not agree with appellant that the return to federal custody for the case study connected with his federal sentencing required a dismissal of the outstanding charges in Pennsylvania on which no final disposition had been made prior to appellant's return to federal custody. A dismissal of the charges under the Interstate Agreement on Detainers Act would have been required only if appellant had been originally obtained from federal custody as a result of a detainer lodged by a law enforcement official. The trial court found that no such detainer was lodged and appellant's brief before us does not contend otherwise. Rather, Pennsylvania originally obtained custody of appellant as a result of a writ of habeas corpus ad prosequendum. The "writ" and a "detainer" are two different methods by which one jurisdiction may obtain custody of a person in another jurisdiction. The Interstate Agreement on Detainers does not apply when custody was obtained by means of writ of habeas corpus ad prosequendum. This specific issue has

been decided in *United States v. Mauro,* 436 U.S. 340, 56 L.Ed.2d 329, 98 S.Ct. 1834 (1978).

In addition to the above issue raised by appellant's counsel, appellant has filed in this court, two *pro se* briefs raising various issues including ineffectiveness of present appellate counsel and trial counsel. We are unable to conclude from these *pro se* briefs that any of these issues are meritorious.

■ Appellant has also requested that he be given the opportunity to obtain new private counsel to assist him in presenting the issues which he alleges should have been presented by his present court-appointed appellate counsel. There is no need to consider this issue because judicial approval is not required for one to retain private counsel. Appellant is free, at any time, to retain private counsel to assist him in developing what he considers meritorious issues and pursuing legal remedies available to appellant.

Judgment of sentence affirmed.

This decision was reached prior to the death of MANDERINO, J.