PEOPLE v McLEMORE

Docket Nos. 64801, 64802. Argued April 7, 1981 (Calendar No. 3).—
Decided November 2, 1981.

Harold McLemore was charged, while he was serving a federal
sentence for bank robbery, with murder, assault with intent to
commit murder, and carrying a concealed weapon. The Wayne
County Prosecutor obtained writs of habeas corpus *ad prose-
quendum* from the Recorder's Court of Detroit on several
occasions to secure the temporary custody of the defendant
from the Federal Correctional Institution in Milan, Michigan,
for proceedings against him on the state charges. The Record-
er's Court of Detroit, Samuel C. Gardner and George W. Crock-
ett, III, JJ., granted motions by the defendant to dismiss the
charges for failure to commence trial within 120 days of the
arrival of the prisoner, as required under the Interstate Agree-
ment on Detainers. The Court of Appeals, R. M. Maher, P.J.,
and Bronson and A. E. Moore, JJ., affirmed in a per curiam
opinion, but remanded the case to the trial court to determine
whether the murder and concealed-weapon charges had been
brought within 120 days (Docket Nos. 77-4827, 78-41, 78-115).
The parties appeal.

In a unanimous per curiam opinion, the Supreme Court *held:*

A writ of habeas corpus *ad prosequendum* is not a detainer
within the meaning of the Interstate Agreement on Detainers.
The decision of that question as a matter of federal law by the
Supreme Court of the United States has been followed whether
the writ emanated from federal or state court. The writ of
habeas corpus *ad prosequendum* remains available as a means
for a state to seek temporary custody of an accused incarcer-
ated in another jurisdiction. The decision by federal authorities
to honor a writ in the absence of a detainer as a matter of
comity does not bring into operation the provisions of the
Interstate Agreement on Detainers. Since the prosecution in
this case obtained temporary custody of the defendant as a
result of the writ and no detainer had been lodged against the
defendant, the 120-day provision for commencement of trial is
inapplicable.

The judgment of the Court of Appeals is reversed, and the

case is remanded to Recorder's Court of Detroit for further proceedings.

95 Mich App 536; 291 NW2d 109 (1980) reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Larry L. Roberts,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Chari Grove* and *Rolf E. Berg)* and *Hoffa, Chodak & Robiner* for defendant.

PER CURIAM. The dispositive issue is whether a writ of habeas corpus *ad prosequendum*[1] constitutes a detainer[2] within the meaning of the Interstate Agreement on Detainers, MCL 780.601 *et seq.;* MSA 4.147(1) *et seq.*

## I

The prosecution, by means of writs of habeas

---

[1] The common-law writ of habeas corpus *ad prosequendum* is an order by a court directing authorities to produce a prisoner to face criminal charges. See *State v Fender,* — W Va —, —; 268 SE2d 120, 123 (1980).

[2] A detainer is " 'a notification filed with the institution in which a prisoner is serving a sentence, advising that he is wanted to face pending criminal charges in another jurisdiction' ". *United States v Mauro,* 436 US 340, 359; 98 S Ct 1834; 56 L Ed 2d 329 (1978). In *United States v Dixon,* 592 F2d 329, 332, fn 3 (CA 6, 1979), the Court describes a detainer as

"simply a notice filed with the institution in which a prisoner is serving a sentence, advising that the prisoner is wanted to face pending criminal charges elsewhere, and requesting the custodian to notify the filing jurisdiction prior to releasing the prisoner. Filing a detainer is an informal process that generally can be done by any person who has authority to take a prisoner into custody. Furthermore, a detainer remains lodged against a prisoner without any action being taken on it. *Ridgeway v United States,* 558 F2d 357 (CA 6, 1977), *cert den* 436 US 946; 98 S Ct 2850; 56 L Ed 2d 788 (1978). See also *United States v Mauro,* 436 US 340; 98 S Ct 1834; 56 L Ed 2d 329 (1978)."

corpus *ad prosequendum* issued by the Recorder's Court for the City of Detroit, secured the temporary custody of defendant from authorities at the federal prison in Milan, Michigan, to proceed against him on charges of murder, assault with intent to murder, and carrying a concealed weapon. All charges were dismissed with prejudice at the trial court level based upon a perceived violation of Article IV(c) of the Interstate Agreement on Detainers:

"In respect of any proceeding made possible by this Article, trial shall be commenced within one hundred twenty days of the arrival of the prisoner in the receiving state, but for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance."

## II

The prosecution appealed, claiming among other things that the Interstate Agreement on Detainers was inapplicable since a writ of habeas corpus *ad prosequendum* is not a detainer within the meaning of the Interstate Agreement on Detainers. Although the Court of Appeals rejected the prosecution's claim, the panel nonetheless remanded the case to the trial court for further proceedings because it was unable to determine from the record whether the murder charges and a carrying a concealed weapon charge had been brought within 120 days.[3]

## III

The Interstate Agreement on Detainers is a

[3] 95 Mich App 536; 291 NW2d 109 (1980). The Court of Appeals reversed dismissal of another charge of carrying a concealed weapon after finding only 97 days of unexcused delay had lapsed at the time of dismissal.

congressionally sanctioned interstate compact, construction of which presents a federal question.[4] The United States Supreme Court has ruled that the provisions of the agreement apply if a participating jurisdiction which has untried charges against a prisoner lodges a detainer with the jurisdiction where the prisoner is incarcerated and that a writ of habeas corpus *ad prosequendum* is not a detainer within the meaning of the agreement. *United States v Mauro,* 436 US 340; 98 S Ct 1834; 56 L Ed 2d 329 (1978). The decision in *Mauro* has been followed regardless of whether the writ emanated from federal or state court.[5]

We conclude that the writ of habeas corpus *ad prosequendum* remains available as means for a state to seek temporary custody of an accused incarcerated in another jurisdiction. The decision by federal authorities to honor a writ in the absence of a detainer as a matter of comity does not trigger the provisions of the agreement. Since the prosecution in the instant case obtained temporary custody as a result of the writ and no detainer had been lodged against the defendant, the time provision for trial in Article IV(c) is inapplicable.

We reverse the judgments of the Court of Appeals and Recorder's Court for the City of Detroit, reinstate the charges against the defendant, and remand the case to the Recorder's Court for the City of Detroit for further proceedings consistent

---

[4] *Cuyler v Adams,* 449 US 433; 101 S Ct 703; 66 L Ed 2d 641 (1981).

[5] See *Foran v Metz,* 463 F Supp 1088 (SD NY, 1979); *United States ex rel Schlobohm v Medical Center for Federal Prisoners,* 453 F Supp 618, 620 (SD Ill, 1978); *Bean v United States,* 409 A2d 1064, 1066 (DC App, 1979); *People v Befeld,* 90 Ill App 3d 772; 413 NE2d 550 (1980); *State v Boone,* 40 Md App 41; 388 A2d 150 (1978); *Commonwealth v Florence,* — Mass App —, —; 387 NE2d 152, 153 (1979); *State v Kelsey,* 592 SW2d 509 (Mo App, 1979); *Commonwealth v Diggs,* 273 Pa Super 121; 416 A2d 1119 (1979); *Moore v Whyte,* — W Va —; 266 SE2d 137 (1980). See generally Anno: *Interstate Agreement on Detainers Act,* 98 ALR3d 160, 192-195, 245-247.

with this opinion. We do not address the issues raised on cross-appeal. Upon remand, the defendant may raise the issue involving his constitutional and statutory rights to a speedy trial as well as his claim that the murder charges should be dismissed because the prosecution breached an agreement to grant immunity. The people's motion to strike is denied as moot. We do not retain jurisdiction.

COLEMAN, C.J., and KAVANAGH, WILLIAMS, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.