DIRECTOR, NEVADA DEPARTMENT OF PRISONS, APPELLANT, *v.* CHESTER LEE BLUM, RESPONDENT.

No. 13103

January 28, 1982                                    639 P.2d 559

---

[3]The Chief Justice designated THE HONORABLE DAVID ZENOFF, Senior Justice, to sit in this case in place of THE HONORABLE CAMERON BATJER. Nev. Const., art. 6, § 19; SCR 10.

*Richard H. Bryan,* Attorney General, and *Brooke A. Nielsen,* Deputy Attorney General, Carson City, for Appellant.

*John L. Conner,* Reno, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from an order of the district court granting a writ of habeas corpus and discharging respondent, a prisoner in the Nevada State Prison, from any custody occasioned by the filing of a detainer against him by the state of Illinois. The district court ruled that the Agreement on Detainers, NRS 178.620 art. IV(a), is invalid insofar as it permits a detainer to be lodged against a prisoner held in Nevada without a request from the executive authority of the demanding state.

In Cuyler v. Adams, 449 U.S. 433 (1981), the Supreme Court held that the Agreement on Detainers preserves to a prisoner the procedural safeguards granted by the Uniform Criminal Extradition Act, NRS 179.177 *et seq.,* except those expressly withheld by the Agreement on Detainers itself. 449 U.S. at 447.

The Agreement on Detainers expressly dispenses with the requirement of the Extradition Act that the governor of the *sending* state affirmatively approve the action requested by the demanding state. NRS 178.620 art. IV(d); 179.179(1); 179.183. However, the Agreement on Detainers does not expressly dispense with the requirement of the Extradition Act that the request for extradition, or the filing of a detainer, be authorized by the "executive authority" of the *demanding* state. NRS 179.179(1); 179.183. Under the holding in Cuyler v. Adams, *supra,* the request for a detainer must be made by the executive authority of the demanding state.[1] There is no indication in the record of this case that the request for a detainer against

---

[1] The "executive authority" of a state is the governor or a person performing the functions of the governor. NRS 179.179(1).

respondent Blum complied with this requirement. The district court was therefore correct in ruling that the detainer was invalid.

Affirmed.