VERNON G. HOUSEWRIGHT, Appellant, *v.* EDWARD GARY LEFRAK, Respondent.

No. 14435

September 27, 1983                    669 P.2d 711

*Brian McKay,* Attorney General, Carson City, and *Ellen Whittemore,* Deputy Attorney General, Las Vegas, for Appellant.

*Morgan D. Harris,* Public Defender, and *Terrance M. Jackson,* Deputy Public Defender, Clark County, for Respondent.

## OPINION

*Per Curiam:*

The Director of the Nevada Department of Prisons appeals from an order granting respondent's post-conviction petition for writ of habeas corpus. Respondent, serving a fifteen-year sentence for robbery, was served with a notice of three robbery charges pending against him in the Municipal Court of the City and County of San Francisco, California. Such notice constitutes a "detainer" within the meaning of the Interstate Agreement on Detainers, NRS 178.620. Respondent sought habeas corpus relief, challenging any custody occasioned by the filing of the California detainer. He argued that the detainer was invalidly issued under the rule of Director, Dep't Prisons v. Blum, 98 Nev. 40, 639 P.2d 559 (1982), because it was not issued by or with the approval of the Governor of California. The district court, following *Blum,* ruled the detainer invalid and granted the writ. Appellant contends that this was error. We agree.

The Interstate Agreement on Detainers ("Agreement") provides two alternative means by which a prisoner serving a sentence in one state may be temporarily transferred to the custody of another state for disposition of criminal charges there pending. When a detainer is filed against a prisoner, he or she is thereby notified of the out-of-state charges and may voluntarily request temporary transfer under Article III of the Agreement. In the alternative, once a detainer has been filed the state seeking custody may file a "request for temporary custody" and obtain involuntary transfer of the prisoner. All procedural safeguards provided by the Uniform Criminal Extradition Act, NRS 179.177 *et seq.,* are preserved to a prisoner subject to the Agreement, save those safeguards eliminated by the Agreement's express terms. Cuyler v. Adams, 449 U.S. 433 (1981). By the express terms of the Agreement, an Article III request is "deemed to be a waiver of extradition with respect to any charge or proceeding contemplated [by] or included [in the detainer] . . . . [and] shall also consitute a consent by the prisoner to the production of his body in any court where his presence may be required in order to effectuate the purposes of this agreement. . . ." NRS 178.620, Art. III, § (e).

It is undisputed that after the filing of the detainer respondent made an Article III request. By the terms of the Agreement,

as interpreted by the United States Supreme Court in *Cuyler,* respondent thereby waived extradition and any procedural safeguards that would allow a challenge to the impending transfer, and consented to the production of his body in the California courts. Accordingly, he has waived any right to challenge the validity of the detainer.

Respondent argues that although the language of Article III renders his request a waiver of the right to challenge the detainer, his waiver is invalid because it was not "knowing and intelligent" within the meaning of Johnson v. Zerbst, 304 U.S. 458 (1938). The stringent waiver standard set forth in *Johnson,* however, applies only to fundamental constitutional rights. *Id.* at 464, 467-68. *See also* Miranda v. Arizona, 384 U.S. 436, 475 (1966). The procedural rights afforded a prisoner subject to interstate transfer under the Agreement, including the right to challenge the detainer and contest the transfer, are statutory, not constitutional rights. *See* Cuyler v. Adams, *supra.* Accordingly, the higher standard of waiver set forth in *Johnson* does not apply to waivers of extradition under Article III. We conclude, therefore, that respondent waived his right to challenge the validity of the detainer, and that it was error to grant the writ.

Appellant contends, in the alternative, that even if respondent had not waived his right to challenge the validity of the detainer, the writ should not have been granted. The district court, apparently overlooking the waiver issue, granted the writ because the detainer had not been filed by or with the approval of the Governor of California. Appellant contends that insofar as our *Blum* decision appears to require the prior approval of the executive authority of the demanding state before it may file a detainer against a Nevada prisoner, that decision is incorrect. Upon reconsideration of *Blum,* we are persuaded that appellant's arguments have merit.

A detainer is simply an informal notice of charges pending in another jurisdiction, and is not a request that the state in which the prisoner is incarcerated do any act or effect any transfer of the prisoner. As such, a detainer may be filed by a prosecuting or law enforcement officer, without involvement or approval of the executive authority of the state seeking custody. *See* Cuyler v. Adams, 449 U.S. at 436 n. 3; United States v. Mauro, 436 U.S. 340 (1978); Ridgeway v. United States, 558 F.2d 357 (6th Cir. 1977), *cert. denied,* 436 U.S. 946 (1978); People v. McLemore, 311 N.W.2d 720 (Mich. 1981). It is only when one state

officially requests another state to act on a detainer, by filing a request for temporary custody to obtain involuntary transfer of a prisoner under Article IV, that the approval of the governor or other executive authority of the demanding state is necessary, as a procedural safeguard attendant to extradition proceedings retained by the Agreement on Detainers. *See* Cuyler v. Adams, *supra.* Thus, since only a detainer had been filed against respondent, rather than an official request for transfer, prior executive approval was not required, and the petition for writ of habeas corpus should not have been granted on this ground.

We hold that respondent waived any right to challenge the validity of the California detainer. We further hold that even without a waiver, the district court should not have granted the writ because only an Article IV request for temporary custody, not the informal filing of a detainer, requires prior approval of the executive authority of the state seeking custody. Accordingly, we hereby modify our holding in *Blum* in accordance with the views expressed in this opinion, and we hereby reverse the order granting the writ of habeas corpus.