PEOPLE v WILDEN (ON REHEARING)

Docket No. 147042. Submitted September 10, 1992, at Detroit. Decided December 21, 1992, at 9:45 A.M.

Mathias H. Wilden pleaded nolo contendere in the Macomb Circuit Court to a charge of armed robbery. The court, Frederick D. Balkwill, J., sentenced him to ten to thirty years' imprisonment. He appealed, alleging that the court's denial of his motion to dismiss the charge constituted a violation of the Interstate Agreement on Detainers, MCL 780.601 et seq.; MSA 4.147(1) et seq., in that, while he was charged in state court, he also was being held on federal parole violation charges. The Court of Appeals, HOOD, P.J., and CONNOR and TAYLOR, JJ., affirmed in an unpublished opinion per curiam, decided September 25, 1992 (Docket No. 147042). On November 24, 1992, the initial opinion of the Court of Appeals was withdrawn and the defendant's motion for rehearing was granted.

On rehearing, the Court of Appeals held:

1. The IAD does not apply in this case. The defendant was ordered to be produced for arraignment and preliminary examination pursuant to a writ of habeas corpus ad prosequendum issued by the district court. Such a writ is not a "detainer" to which the IAD's procedural safeguards apply.

2. The IAD applies only where a person has entered upon a term of imprisonment in a penal or correctional institution of a party state at the time a detainer is lodged. The IAD does not apply to pretrial detainees or, as in this case, to parolees awaiting revocation of parole because in neither instance has the person actually entered upon a term of imprisonment. The defendant's return to a federal correctional facility before the trial in this case did not violate the IAD.

Affirmed.

1. PRISONS AND PRISONERS — DETAINERS — WRITS OF HABEAS CORPUS.
A "detainer" is an informal notification filed with the institution

REFERENCES
Am Jur 2d, Criminal Law §§ 404-407, 658, 662.
Validity, construction and application of Interstate Agreement on Detainers. 98 ALR3d 160.

in which a prisoner is serving a sentence, advising that the prisoner is wanted to face pending criminal charges in another jurisdiction; a writ of habeas corpus ad prosequendum is an order by a court directing authorities to produce a prisoner to face criminal charges and is not a detainer, regardless of whether it is issued by a state or a federal court.

2. Prisons and Prisoners — Interstate Agreement on Detainers — Parole Revocation.

The Interstate Agreement on Detainers applies where a person has entered upon a term of imprisonment in a penal or correctional institution of a party state at the time a detainer regarding the person is lodged; it does not apply to pretrial detainees or to parolees awaiting revocation of parole because in neither instance has the person entered upon a term of imprisonment (MCL 780.601; MSA 4.147[1]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Carl J. Martinga,* Prosecuting Attorney, *Robert J. Berlin,* Chief Appellate Lawyer, and *Mark G. Cardellio,* Assistant Prosecuting Attorney, for the plaintiff.

*Donald R. Cook,* for the defendant on appeal.

ON REHEARING

Before: Hood, P.J., and Connor and Taylor, JJ.

Per Curiam. Defendant entered a conditional plea of nolo contendere in the Macomb Circuit Court to a charge of armed robbery, MCL 750.529; MSA 28.797. In exchange for the plea, the people recommended a ten-year cap on the minimum sentence and dismissal of a pending charge of possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). Defendant was sentenced to a term of 10 to 30 years. He appeals as of right, raising several issues under

the Interstate Agreement on Detainers (IAD), MCL 780.601 *et seq.*; MSA 4.147(1) *et seq.* We affirm.[1]

The IAD "is a congressionally sanctioned interstate compact, construction of which presents a federal question." *People v McLemore,* 411 Mich 691, 693-694; 311 NW2d 720 (1981). Its purpose is to encourage the speedy disposition of charges pending against prisoners and thus prevent undue interference with prisoner treatment and rehabilitation programs. MCL 780.601(art I); MSA 4.147(1) (art I). The act requires certain procedures and time limitations to be observed in cases where untried charges are pending against a person imprisoned in a party state on the basis of which a "detainer" is lodged against the prisoner. MCL 780.601; MSA 4.147(1). Both Michigan and the federal government are signatories to the IAD. See MCL 780.601; MSA 4.147(1); see also 18 USC app 2.

The crime at issue in this case occurred on April 19, 1989, while defendant was on parole from the federal system. On February 9, 1990, defendant was arrested by federal authorities, interviewed by a probation officer, declared to be in violation of his parole, and placed in the Wayne County Jail to await transfer to federal prison.

On February 14, 1990, a bench warrant for defendant's arrest was issued by the district court. On February 26, 1990, the district court issued a writ of habeas corpus ordering that defendant be produced for arraignment and preliminary exami-

---

[1] This case was initially decided on the ground that defendant's plea waived his substantive arguments under the IAD. *People v Wilden,* unpublished opinion per curiam of the Court of Appeals, decided September 25, 1992 (Docket No. 147042). The parties then brought to the Court's attention the conditional nature of defendant's plea. On November 24, 1992, the initial opinion was withdrawn and defendant's motion for rehearing was granted.

nation. Defendant was not notified of the writ until March 13, 1990, the day he was transported for his arraignment. He remained in the Macomb County Jail until April 6, 1990, when he was bound over for trial, returned to the custody of the United States Marshal Service, and transported back to the Wayne County Jail.

On April 18, 1990, the Macomb County Sheriff sent a half-page document entitled "Detainer" to the United States Marshal Service. The document indicated what charges were pending against defendant, the assigned judge, defendant's bond, the next court date ("To be Notified") and stated: "Must Return *** Do Not Release — Federal Inmate!" On May 15, 1990, the Macomb Circuit Court issued a second writ of habeas corpus directing that defendant be delivered for trial on May 31, 1990.

On May 31, 1990, defendant's trial was adjourned and he was returned to federal custody. On August 29, 1990, defendant's trial was again adjourned and he was returned to federal custody. On September 19, 1990, the county sheriff's office sent a letter to the federal marshal specifically requesting that a "detainer" be lodged against defendant and requesting to be kept informed of defendant's whereabouts.

On September 21, 1990, defendant was transported from the Wayne County Jail—where he had been held by the United States Marshal Service since his arrest—to the Milan Federal Correctional Institution.[2] On November 15, 1990, he was transferred to a federal correctional facility in Leavenworth, Kansas. On January 4, 1991, defen-

---

[2] Although not raised by defendant, we note that the IAD does not require that physical custody of federal prisoners be turned over to state authorities, only that such prisoners be made available at the place of trial. MCL 780.601(art V[a]); MSA 4.147(1)(art V[a]).

dant received a "Notice of Action" from the United States Parole Commission stating that his parole had been revoked and that his fifteen-year prison term had been continued.

On February 11, 1991, defendant moved for dismissal of the pending state charges on the basis of the IAD. That motion was denied on April 1, 1991. On May 29, 1991, defendant entered a conditional plea of no contest. He was sentenced on June 28, 1991, to a term to be served concurrently with his federal sentence.

Defendant first argues that the IAD was violated because he was not informed until March 13, 1990, that a "detainer" had been lodged against him on February 26, 1990. We disagree.

Article III (c) of the IAD provides that "[t]he warden, commissioner of corrections or other official having custody of the prisoner shall promptly inform him of the source and contents of any detainer lodged against him and shall also inform him of his right to make a request for final disposition of the indictment, information or complaint on which the detainer is based." It is uncontested that defendant was not notified of the contents of the document filed on February 26, 1990, until the day of his transfer, March 13, 1990.

A "detainer" is an informal " 'notification filed with the institution in which a prisoner is serving a sentence, advising that he is wanted to face pending criminal charges in another jurisdiction.' " *McLemore,* 411 Mich 692, n 1 (quoting *United States v Mauro,* 436 US 340, 359; 98 S Ct 1834; 56 L Ed 2d 329 [1978]). A writ of habeas corpus ad prosequendum, on the other hand, "is an order by a court directing authorities to produce a prisoner to face criminal charges" and is *not* considered a detainer, regardless of whether it is issued by a state or by a federal court. *McLe-*

*more,* 411 Mich 692, n 1, 694. In this case, the writ of habeas corpus issued by the district court on February 26, 1990, although not explicitly termed "ad prosequendum," was issued for the explicit purpose of having defendant produced to face pending criminal charges. Because we find no meaningful difference between this writ and the one at issue in *McLemore,* we hold that no detainer was lodged against defendant on February 26, 1990, and that the IAD therefore did not apply.

Defendant next argues that he was not given thirty days to contest the February 26, 1990, request for his transfer to Macomb County and that this constitutes a violation of the IAD. We again disagree.

Article IV(a) of the IAD requires that a prisoner be delivered pursuant to a detainer "provided . . . [t]hat there shall be a period of 30 days after receipt [of the detainer] by the appropriate authorities before the request be honored . . . ." MCL 780.601; MSA 4.147(1). Again, it is undisputed that defendant was not given thirty days to contest the requested transfer. However, because the document in question was a writ of habeas corpus and not a detainer, as discussed above, the IAD's procedural safeguards did not apply. *McLemore,* 411 Mich 694.

Defendant lastly argues that his return to a federal correctional facility on September 21, 1990, before trial, violated the IAD. There is no question that, by September 21, 1990, a detainer had indeed been filed against defendant. In fact, one had been filed on April 18 and another on September 19, 1990. We nevertheless disagree with defendant.

It is true that article IV(e) of the IAD provides that "[i]f trial is not had on any indictment, information or complaint . . . prior to the prisoner's being returned to the original place of imprison-

ment . . . such indictment, information or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice." MCL 780.601; MSA 4.147(1). However, the IAD only applies "[w]henever a person has *entered upon a term of imprisonment* in a penal or correctional institution of a party state" at the time the detainer is lodged. MCL 780.601(art III[a]); MSA 4.147(1) (art III[a]) (emphasis added). We find that defendant did not fit this condition.

Defendant was arrested and placed in federal custody for an alleged parole violation on February 9, 1990. However, it was not until January 4, 1991, that defendant was notified that his parole was revoked.

Under federal law, defendant's parole was not automatically revoked upon his initial arrest even though he was told that he was in violation of his parole. See 18 USC 4214.[3] Defendant's parole status could only be revoked by official action from the parole commission. See *id.* Until such official revocation, defendant's status was akin to that of a suspect awaiting trial.

The IAD does not apply to pretrial detainees or to parolees awaiting revocation because neither has actually "entered upon a term of imprisonment." *United States v Dobson,* 585 F2d 55, 58-61 (CA 3, 1978); see anno: *Validity, construction, and application of interstate agreement on detainers,* 98 ALR3d 160, 185-187, and 1992 Supp, pp 47-49 (citing many cases); see also *People v Monasterski,* 105 Mich App 645, 653; 307 NW2d 394 (1981) (IAD did not apply where detainer was lodged before the defendant's trial); *People v Butcher,* 46 Mich App 40, 44-45; 207 NW2d 430 (1973) (IAD did not

___

[3] This section was originally scheduled for repeal on November 1, 1986. However, it was extended by PL 98-473.

apply where the defendant was transported to state custody before beginning to serve federal sentence). Additionally, there is no evidence that, before his September 21, 1991, transfer, defendant was participating in any rehabilitation or treatment programs. Therefore, the purpose of the IAD was not frustrated by his transfer. See MCL 780.601(art I); MSA 4.147(1)(art I).

Affirmed.