# Order

**Michigan Supreme Court**
**Lansing, Michigan**

September 21, 2007

133897 & (55)

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

                                     SC: 133897
                                     COA: 268499

KOBEAY QURAN SWAFFORD,
        Defendant-Appellant.
                                     Wayne CC: 05-010897-01

_____/

On order of the Court, the application for leave to appeal the March 27, 2007 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we VACATE the judgment of the Court of Appeals and we REMAND this case to the Court of Appeals for reconsideration of the Interstate Agreement on Detainers issue in light of the documentation that the defendant attaches to his application for leave to appeal and motion in this Court. In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining question presented should be reviewed by this Court. The motion for miscellaneous relief is DENIED.

We further DIRECT the Court of Appeals to first REMAND this case to the Wayne Circuit Court, in accordance with Administrative Order 2003-03, so that the circuit court can determine whether the defendant is indigent and, if so, to appoint counsel to represent the defendant in the Court of Appeals.

CORRIGAN, J., concurs and states as follows:

I concur with the order remanding this case to the Court of Appeals for reconsideration of the issue concerning the Interstate Agreement on Detainers (IAD), MCL 780.601 *et seq.* I write separately to raise the following questions that the case presents: (1) Was the panel correct that *People v Monasterski*, 105 Mich App 645 (1981), and *People v Wilden (On Rehearing)*, 197 Mich App 533 (1992), hold that "a detainer filed against a jail inmate before he begins serving a prison sentence is insufficient to implicate the IAD," and, if so, (2) are the holdings in *Monasterski* and *Wilden* consistent with the language of article III of the IAD?

I

In *Monasterski, supra* at 653, the Court of Appeals, citing the purpose of the IAD, the language of article IV of the IAD, and Anno: *Validity, construction, and application of interstate agreement on detainers*, 98 ALR3d 160, 185, explained that in order to trigger the IAD, the prisoner must be "actually serving a term of imprisonment in the sending state." The panel held that the IAD did not apply in that case because the defendants were being held in jail in Indiana pending extradition and had not embarked on a program of rehabilitation when the detainer was lodged. *Monasterski, supra* at 653. Although the defendants were tried and sentenced after the detainer was lodged, it appears that the defendants were *never imprisoned* in Indiana before being sent to Michigan on the detainer; they were merely held in an Indiana jail pending extradition. Similarly in *Wilden, supra* at 539, the Court of Appeals held that the IAD did not apply because at the time the detainer was filed, the defendant had not "entered upon a term of imprisonment," but was merely a parolee awaiting a hearing on his parole revocation. The defendant *never entered upon a term of imprisonment* before his transfer to Michigan on the detainer.

Because the defendants in *Monasterski* and *Wilden* never began terms of imprisonment before being extradited on the detainers, it appears that those holdings apply only in cases in which the defendant was not imprisoned when he sent to the prosecutor written notice of his place of imprisonment and a request for final disposition of the indictment, information, or complaint. Article III(a) clearly requires that the defendant be imprisoned at the time he causes the notice to be delivered to the prosecutor. MCL 780.601 (The 180-day period of the IAD applies "[w]henever a person has entered upon a term of imprisonment . . . ."). See also *People v Butcher*, 46 Mich App 40, 44-45 (1973) ("[T]he interstate agreement requires that a person have entered on a term of imprisonment in a prison in a state a party to the agreement when the required notice is given . . . ."). In the instant case, defendant was imprisoned in the federal system after the alleged detainer was lodged. During his imprisonment, he caused written notice of the place of his imprisonment to be delivered to the prosecutor. Thus, *Monasterski* and *Wilden* may be distinguishable from the instant case.

II

If on remand the Court of Appeals again interprets *Monasterski* and *Wilden* to mean that the IAD is never implicated when the detainer was filed against a person before he begins his term of imprisonment, then the holdings of *Monasterski* and *Wilden* appear contrary to the language of article III of the IAD. Article III(a) of the IAD provides that the 180-day period applies "whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer *has been lodged* against the

prisoner . . . ." (Emphasis added.) The use of the phrase "has been lodged" in article III seems to mean that the detainer could have been lodged before the defendant was imprisoned. In other words, under article III(a), the IAD applies when a defendant who enters into a term of imprisonment has had a detainer lodged against him, whether the detainer was lodged before or during the defendant's imprisonment. This interpretation is consistent with the language of articles I and IV of the IAD. Nothing in the IAD suggests that the detainer must have been lodged *while the defendant was imprisoned* before the IAD applies. Thus, application of the IAD appears broader under the plain language of article III than it is under the Court of Appeals interpretation of *Monasterski* and *Wilden*.

If the Court of Appeals determines that *Monasterski* and *Wilden* are applicable but were wrongly decided, then the panel must address whether the prosecutor properly relied on those cases, which were the governing law at the time. Even if the Court of Appeals determines that *Monasterski* and *Wilder* are distinguishable, any holding by the Court of Appeals that the IAD applies even when the detainer was lodged before the defendant's imprisonment would be a novel interpretation of article III. Such a holding would broaden the previous interpretation of the application of the IAD. Because prosecutors up to this point have reasonably relied on the narrower application of the IAD under *Monasterski* and *Wilder*, the panel should consider whether to give such a holding limited retroactive effect. See *People v Williams*, 475 Mich 245, 255 (2006).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

September 21, 2007

Clerk

p0918