OPINION
KALITOWSKI, Judge.
On appeal from the district court’s denial of his postconviction petition, appellant Carlos Darell Dickerson contends that the district court erred by determining that: (1) the Interstate Agreement on Detainers did not apply here; and (2) appellant did not receive ineffective assistance of counsel when his attorney failed to assert the protections of the Interstate Agreement on Detainers.
FACTS
On December 15, 2006, the state charged appellant Carlos Darell Dickerson with one count of first-degree assault in violation of Minn.Stat. § 609.221, subd. 1 (2006). At the time of the assault, appellant was on federal supervised release in an unrelated ease. On May 17, 2007, appellant, who was in federal custody, made his first appearance in this assault case, pursuant to a state writ of habeas corpus ad prosequendum, and was returned to federal custody. On July 80, 2007, appellant pleaded guilty to violating his federal supervised release based on the assault. The U.S. District Court for the District of Minnesota sentenced him to 24 months in prison.
On August 2, 2007, appellant again appeared in Ramsey County District Court and pleaded guilty to first-degree assault, pursuant to an agreement that he would likely be sentenced to 84 months’ imprisonment, a downward durational departure. After entering his plea, appellant was returned to federal custody to complete his prison term. On August 28, 2008, after appellant had completed his federal prison sentence, he appeared in Ramsey County District Court and was sentenced to 84 months in prison.
Appellant filed a notice of appeal with this court on November 25, 2008, then moved to stay the appeal and remand the matter to the district court for postconviction proceedings. In his postconviction petition, appellant asserted that his counsel for the previous proceedings provided him with ineffective assistance by failing to assert appellant’s rights under the Interstate Agreement on Detainers (IAD) and move to dismiss the charges for the state’s violation of the IAD. On May 11, 2009, the postconviction court filed an order denying appellant’s petition for relief, concluding that (1) because a writ of habeas corpus ad prosequendum is not a detainer for purposes of the IAD, appellant was not entitled to IAD protections; and (2) appellant’s attorney did not provide ineffective assistance of counsel by not advancing IAD arguments.
ISSUES
1. Did the postconviction court err in concluding that the IAD did not apply?
2. Did appellant receive ineffective assistance of counsel?
ANALYSIS
I.
The construction of the IAD as codified in the Minnesota Statutes is a ques *532 tion of law that this court reviews de novo. State v. Burks, 631 N.W.2d 411, 412 (Minn.App.2001). The IAD is a compact among 48 states and the United States to establish procedures for resolving one state’s outstanding criminal charges against a prisoner of another state, the District of Columbia, or the United States. State v. Wells, 638 N.W.2d 456, 459 (Minn.App.2002), review denied (Minn. Mar. 19, 2002). Minnesota is a party to the compact and has codified it in its statutes. See Minn. Stat. § 629.294 (2008).
The purpose of the IAD is to encourage the expeditious and orderly disposition of outstanding charges pending in another state so that prisoner-rehabilitation programs will not be disrupted or unavailable because of the untried charges. Id., subd. 1, Art. I. Article IV of the IAD gives party-states (including the federal government) the right to obtain custody of a prisoner in another party-state’s jurisdiction, to resolve an untried complaint. Alabama v. Bozeman, 538 U.S. 146, 150, 121 S.Ct. 2079, 2083, 150. L.Ed.2d 188 (2001). The IAD provides that a requesting state is entitled to obtain custody of a prisoner “against whom [it] has lodged a detainer and who is serving a term of imprisonment in any party state.... ” Minn.Stat. § 629.294, subd. 1, Art. IV(a). Thus, the IAD only applies to appellant if Minnesota filed a “detainer” to request custody of appellant. See United States v. Mauro, 436 U.S. 340, 364 n. 30, 98 S.Ct. 1834, 1849 n. 30, 56 L.Ed.2d 329 (1978).
The IAD is a congressionally sanctioned interstate compact, and thus is a federal law subject to federal construction. See Carchman v. Nash, 473 U.S. 716, 719, 105 S.Ct. 3401, 3403, 87 L.Ed.2d 516 (1985). Although states interpret and apply IAD provisions, they are constrained by United States Supreme Court cases that address the same issues. Wells, 638 N.W.2d at 459.
United States Supreme Court Precedent
In United States v. Mauro, the Supreme Court specifically held that “a writ of habeas corpus ad prosequendum is not a detainer for purposes of the Agreement.” 436 U.S. at 361, 98 S.Ct. at 1848. The Court concluded that because writs ad pro-sequendum are immediately executed, they do not give rise to the problems of lengthy duration of outstanding charges against a defendant that the IAD seeks to address. Id. at 360-61, 98 S.Ct. at 1847. Thus, the protections of the IAD are not invoked when no detainer is filed. See id. at 364 n. 30, 98 S.Ct. at 1849 n. 30 (“It is only when [a party to the IAD] does file a detainer that it becomes bound by the Agreement’s provisions”).
Appellant argues that Mauro does not control here because the Mauro Court was addressing a federally issued writ that the state was required to honor, based on the Supremacy Clause of the Constitution. In contrast, appellant contends that here, the federal government had no formal obligation to honor the state-issued writ, and that the IAD is the only means by which a state is entitled to obtain custody of an out-of-state prisoner. Thus, appellant argues, the Mauro holding only applies to federally issued writs that do not give rise to the enforceability issues the IAD seeks to address. We disagree.
Although the IAD does not define a detainer, the Mauro Court cites the congressional record, which provides that “ ‘[a] detainer is a notification filed with the institution in which a prisoner is serving a sentence, advising that he is wanted to face pending criminal charges in another jurisdiction.’ ” Id. at 359, 98 S.Ct. at 1846 (alteration in original) (quoting H.R.Rep. No. 91-1018, p. 2 (1970)). More *533 specifically, a detainer is “a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or to notify the agency when release of the prisoner is imminent.” Carchman, 473 U.S. at 719, 105 S.Ct. at 8403. Mauro provides that a detainer does not require the custodial state to produce the prisoner; the “receiving State” must take further action to obtain custody. 436 U.S. at 358, 98 S.Ct. at 1846. Thus, the distinction between a writ and a detainer recognized in Mauro is not limited to federally issued writs. In contrast to a detainer, federal courts have defined a writ ad prosequendum as “commanding the immediate removal of a prisoner from incarceration so that he or she may be transferred into the jurisdiction from which the writ issued to stand trial on charges for crimes committed within that jurisdiction.” Grant v. United States, 856 A.2d 1131, 1135 (D.C.2004) (citing Carbo v. United States, 364 U.S. 611, 615, 81 S.Ct. 338, 341, 5 L.Ed.2d 329 (1961)).
State Court Precedent
Although Minnesota has not yet addressed the question of whether a state-issued writ of habeas corpus ad prosequen-dum constitutes a detainer and invokes the IAD, other state courts have. The Supreme Court of Michigan stated that, although Mauro dealt with a federally issued writ, “[t]he decision in Mauro has been followed regardless of whether the writ emanated from federal or state court.” People v. McLemore, 411 Mich. 691, 311 N.W.2d 720, 721 (1981). Further, that court held that “[t]he decision by federal authorities to honor a writ in the absence of a detainer as a matter of comity does not trigger the provisions of the agreement.” Id. Similarly, the Supreme Court of Indiana held that because there is little reason to distinguish between writs issued by federal and state courts, neither writ constitutes a detainer sufficient to trigger application of the IAD. Sweeney v. State, 704 N.E.2d 86, 98 (Ind.1998). Other state courts have also reached the conclusion that a writ ad prosequendum is not a detainer and does not invoke the IAD. See, e.g., State v. Hargrove, 273 Kan. 314, 45 P.3d 376, 383-84 (2002); Leisure v. State, 828 S.W.2d 872, 877 (Mo.1992); State v. Williams, 253 Neb. 619, 573 N.W.2d 106, 111 (1997); State v. Baker, 198 N.J. 189, 966 A.2d 488, 489-90 (2009); State v. Eesley, 225 Wis.2d 248, 591 N.W.2d 846, 853 (1999). We find this reasoning persuasive.
Some state courts have used a “writ plus” test to conclude that provisions of the IAD could be triggered despite the absence of a formal detainer. See Finley v. State, 295 Ark. 357, 748 S.W.2d 643, 645 (1988) (holding that a court order requiring a sheriff to make arrangements for the transfer of the defendant from federal to state custody constituted a detainer for purposes of the IAD); Commonwealth v. Wilson, 399 Mass. 455, 504 N.E.2d 1060, 1064-65 (1987) (holding the issuance of a writ after the lodging of a detainer on other charges was sufficient to trigger the IAD); Runck v. State, 497 N.W.2d 74, 80 (N.D.1993) (holding that a writ plus other documents used to transfer federal prisoner to state court were sufficient to trigger the IAD). But cf. Williams, 573 N.W.2d at 111-12 (concluding a state writ used to produce a defendant from federal custody was not a detainer triggering the IAD despite the federal institution’s receipt of a state arrest warrant and forms referencing the IAD). Here, no additional documents were filed with the writ. And we can find no state court decision that has held that a writ ad prosequendum alone is sufficient to trigger application of the IAD.
Further, in McLemore, the Michigan Supreme Court found that the IAD *534 was not the only means by which a state could obtain custody of a prisoner outside their jurisdiction, because “the writ of ha-beas corpus ad prosequendum remains available as means for a state to seek temporary custody of an accused incarcerated in another jurisdiction.” 311 N.W.2d at 721. Likewise, other courts have rejected appellant’s contention that the IAD is the only method by which state courts are entitled to obtain custody of a prisoner in federal custody. See, e.g., State ex rel. Bailey v. Shepard, 584 F.2d 858, 861-62 (8th Cir.1978); Sweeney, 704 N.E.2d at 98. When the federal government honors a writ ad prosequendum as a matter of comity, the state obtains temporary custody as a result of the writ, though no detainer has been lodged and the IAD does not apply. See, e.g., McLemore, 311 N.W.2d at 721.
Here, as in the cited cases, the Ramsey County District Court issued a writ ad prosequendum, and the federal authorities complied and provided Minnesota with temporary custody of appellant. In Minnesota, a writ of habeas corpus ad prosequendum, though not officially obligating federal authorities to produce a prisoner, is a viable means to secure the presence of a prisoner confined to the supervision of another jurisdiction. Thus, there is no need to invoke the protections of the IAD.
Language of Writ
Appellant also contends that the specific language included in this writ shows that the document was intended to operate as both an ad prosequendum writ and a detainer. The writ orders the U.S. Marshal to “produce the above-named defendant in your custody and deliver said defendant to the custody of the Ramsey County Sheriff for appearance, and from time to time thereafter as may be required, ... at the time and place specified below.” This language fits the definition of a writ ad prosequendum, because it commands the presence of a prisoner. But appellant argues that Ramsey County’s inclusion of the language “from time to time thereafter as may be required,” indicates that this document was also a detain-er. We disagree. This language does not show that the writ was intended as a de-tainer under Mauro, or merely a “notification filed with the institution in which a prisoner is serving a sentence, advising that he is wanted to face pending criminal charges in another jurisdiction,” and requiring further action on the part of the receiving state. Mauro, 436 U.S. at 358-59, 98 S.Ct. at 1846.
Furthermore, the Minnesota statute that codifies the IAD does not refer to the intent of the filing authority. See Minn. Stat. § 629.294, subd. 1, Art. IV(a). Minnesota has not established an exception to adhering to the plain language of the statute to address the intent of the officer who files a detainer. And other courts have held that it is immaterial whether the filing authority intended a document that on its face is not a detainer to serve as a detainer. See Crawford v. State, 669 N.E.2d 141, 148 (Ind.1996) (holding that the fact that a sheriff intended a warrant to serve as a detainer under the IAD is immaterial if it does not satisfy the requirements of the IAD).
We conclude, in keeping with the Mauro decision and the multitude of state courts interpreting it, that this state-issued writ of habeas corpus ad prosequendum does not serve as a detainer. Because the state did not file a detainer, and filed nothing in addition to the writ, the IAD does not apply. Moreover, here, a writ was filed against appellant on May 11, 2007; he was brought to Ramsey County to face his charges on May 17, 2007, and was promptly returned to federal custody; he entered *535 a guilty plea on August 2, 2007, and was again immediately returned to federal custody. This expeditious handling of the proceedings served to avoid the uncertainties of untried charges that the IAD seeks to alleviate. Appellant was not prevented from participating in treatment or rehabilitation programs because of outstanding charges. Therefore, the postconviction court was correct in determining that the protections of the IAD do not apply to appellant.
II.
An attorney’s failure to raise mer-itless claims does not constitute deficient performance and cannot provide the basis for a claim of ineffective assistance. Schleicher v. State, 718 N.W.2d 440, 449 (Minn.2006). Because the IAD does not apply, appellant has not shown that his attorney’s representation fell below an objective standard of reasonableness. Therefore, the district court properly concluded that appellant’s attorney did not provide ineffective assistance by faffing to assert the protections of the IAD.
DECISION
A state-issued writ of habeas corpus ad prosequendum is not a detainer for purposes of the IAD. Because the state filed a writ ad prosequendum and not a detainer, the IAD did not apply and appellant did not receive ineffective assistance of counsel when his counsel failed to raise meritless IAD claims.
Affirmed.