■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

MICHAEL JEFFRIES, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Seidell, J.), rendered May 18, 1983, convicting him of murder in the second degree and manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

A review of the record indicates more than ample proof to support each element of the crime of felony murder and completely supports the jury's verdict. Where a question involving the sufficiency of evidence is raised on appeal, the evidence must be viewed most favorably to the prosecution *(see, People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932; *People v Contes,* 60 NY2d 620).

A felony murder is committed when a person commits or attempts to commit certain predicate felonies, which include robbery, and, in the course of and in furtherance of such crimes, he causes the death of a person other than a participant (Penal Law § 125.25 [3]; *see, People v Gladman,* 41 NY2d 123). Whether a homicide took place during the commission of the predicate felony is generally a factual issue to be determined by a jury *(see, People v Rice,* 61 AD2d 758; *People v Carter,* 50 AD2d 174). Here there was sufficient proof presented to the jury to support a factual determination that the homicide occurred during and in furtherance of the theft of the victim's wallet and car.

Further, the defendant's contention that the court's felony murder charge was inadequate to ensure the jury's understanding is without merit. Rather, the record shows that the court's instructions on felony murder were clear and concise.

Moreover, where different inferences can be reasonably drawn from the evidence produced at trial, the question of whether a particular person is an accomplice is a question of fact for the jury *(see, People v Cobos,* 57 NY2d 798; *People v Geoghegan,* 68 AD2d 279; *People v Ramos,* 68 AD2d 748). Here, the trial court properly so charged, and instructed the jury that accomplice testimony must be corroborated.

We have examined the defendant's other contentions and find them to be either unpreserved or without merit. Lazer, J. P., Thompson, Lawrence and Eiber, JJ., concur.