OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 The trial court properly concluded that there was no evi
 
 *850
 
 dence to support an inference by the jury that the People’s main corroboration witness, Brian Keith Taylor, had participated in "[t]he offense charged” or "[a]n offense based upon the same or some of the same facts or conduct which constitute the offense charged”, such as would warrant submitting to the jury the question of Taylor’s complicity (CPL 60.22 [2]). Although Taylor was present in the car at the time the crime occurred, there was no evidence adduced at trial demonstrating that he had participated in planning the robbery; that he had been aware of the criminal enterprise when he entered the car; that he had in any way assisted the perpetrators; or that he had shared in the fruits of the crime. In these circumstances, the trial court correctly held that Taylor’s mere presence in the rear seat of the car, without more, did not constitute a reasonable basis for the jury to conclude that he was an accomplice within the meaning of CPL 60.22 (2)
 
 (cf., People v Vataj,
 
 69 NY2d 985 [evidence indicated that witness had assisted in the preparation of a murder by placing the murder weapon in a car];
 
 People v Dorler,
 
 53 NY2d 831 [evidence indicated that witness had been present when burglary plans were conceived, that he had intended to participate in the crime, and that he had possibly shared in the fruits];
 
 People v Basch,
 
 36 NY2d 154 [evidence indicated that witness had been asked by burglars to act as a "lookout” and that he had awaited their return]).
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur,
 

 Order affirmed in a memorandum.