■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN CARTER MARTIN, Appellant.—Appeal by the defendant from a judgment of the County Court, Dutchess County (Ald-

rich, J.), rendered December 15, 1982, convicting him of escape in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

In 1975 the defendant and codefendant Robert Bryant were jointly indicted for escape in the first degree following their unauthorized departure on June 22, 1975, from the Green Haven Correctional Facility where they were sentenced prisoners. Bryant was recaptured in August 1978. A Deputy Public Defender was assigned to represent Bryant; and, apparently, the case eventually proceeded to trial. Some time after Bryant was convicted and sentenced, the defendant was arrested. The same Deputy Public Defender was assigned to represent the defendant. Eventually, the defendant pleaded guilty to escape in the first degree and was sentenced.

The defendant claims that he was deprived of the effective assistance of counsel due to the potential conflict of interest created by his attorney's prior representation of the codefendant on the same indictment. Although it is true that the court failed to make the required inquiry on the record concerning the defendant's awareness and waiver of any conflict of interest, the defendant has failed to demonstrate the existence of an actual conflict or a significant possibility thereof and that the potential conflict affected the attorney's representation of him (see, People v Alicea, 61 NY2d 23; People v Monroe, 54 NY2d 35, cert denied 455 US 947; People v Cruz, 101 AD2d 841). Further, the defendant's challenges to the Grand Jury proceedings are nonjurisdictional and, therefore, were waived by entry of the guilty plea (see, People v Levin, 57 NY2d 1008, rearg denied 58 NY2d 824; People v Dunbar, 53 NY2d 868; People v Stewart, 122 AD2d 236). Lawrence, J. P., Eiber, Spatt and Balletta, JJ., concur.