PEOPLE v WANTY

Docket No. 120947. Submitted February 22, 1991, at Lansing. Decided May 7, 1991, at 10:40 A.M. Leave to appeal denied, 439 Mich —.

Clair K. Wanty pleaded guilty in the Washtenaw Circuit Court, Ross W. Campbell, J., of delivery of 225 to 650 grams of cocaine. He appealed, alleging violation of the Interstate Agreement on Detainers. He was arrested and charged in Michigan on September 16, 1986. He pleaded guilty of similar federal charges and entered federal prison in Chicago, Illinois, on October 12, 1987. He requested final disposition of the Michigan charges in November and December 1988, and he pleaded guilty of the Michigan offense on June 16, 1989. Therefore, he was not brought to trial within 180 days of requesting final disposition of the Michigan charges.

The Court of Appeals *held:*

The defendant waived the alleged violation by pleading guilty in the circuit court.

The federal courts have held that a violation of the Interstate Agreement on Detainers is waived by a guilty plea. The Court of Appeals is bound by the holding of the federal judiciary because the Interstate Agreement on Detainers is a congressionally sanctioned interstate agreement whose construction presents a federal question.

Affirmed.

1. CRIMINAL LAW — INTERSTATE AGREEMENT ON DETAINERS — WAIVER — GUILTY PLEAS.

Violations of the Interstate Agreement on Detainers constitute nonjurisdictional errors that are waived by a guilty plea (MCL 780.601 *et seq.*; MSA 4.147[1] *et seq.*).

2. CRIMINAL LAW — INTERSTATE AGREEMENT ON DETAINERS — JUDICIAL CONSTRUCTION — FEDERAL QUESTIONS.

The Interstate Agreement on Detainers is a congressionally sanc-

REFERENCES

Am Jur 2d, Criminal Law §§ 404-407, 658.

Valiity, construction and application of Interstate Agreement on Detainers. 98 ALR3d 160.

tioned interstate compact, construction of which presents a federal question (MCL 780.601 *et seq.*; MSA 4.147[1] *et seq.*).

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *David A. King,* First Assistant Prosecuting Attorney, for the people.

*James D. O'Connell,* for the defendant.

Before: HOOD, P.J., and WEAVER and MARILYN KELLY, JJ.

PER CURIAM. Defendant pled guilty to delivery of cocaine, between 225 and 650 grams. MCL 333.7401(2)(a)(ii); MSA 14.15(7401)(2)(a)(ii). The judge sentenced him to ten to thirty years in prison. He appeals as of right, alleging a violation of the Interstate Agreement on Detainers Act (IAD). MCL 780.601 *et seq.*; MSA 4.147(1) *et seq.* We affirm.

Defendant was arrested and charged with delivery of cocaine and conspiracy to distribute cocaine on September 16, 1986. At the time of his arrest, he was awaiting trial on similar charges in federal district court. Defendant pled guilty to the federal charges and entered federal prison in Chicago, Illinois, on October 12, 1987.

On January 22, 1988, the prosecutor in this case received a letter from defendant requesting final disposition of the Michigan charges. Defendant filed two requests for disposition of the charges, in November and December, 1988. Ultimately, he pled guilty to delivery of cocaine on June 16, 1989.

Defendant asserts that, since he was not brought to trial within 180 days of his request for disposition, his guilty plea should be reversed and the charges dismissed. MCL 780.601; MSA 4.147(1). Article III(a) of the Interstate Agreement on De-

tainers Act requires that a prisoner in one state be brought to trial on untried charges in another state within 180 days. The time runs from the date he sends the prosecutor and the court written notice of the place of his imprisonment and his request for final disposition of the charges.

The prosecutor claims that defendant waived this claim by pleading guilty to the charge.

The federal courts have held that a violation of the IAD is waived by a guilty plea. *Kowalak v United States*, 645 F2d 534 (CA 6, 1981). A guilty plea is generally regarded as a waiver of all nonjurisdictional defects, and violations of the IAD have been held to constitute nonjurisdictional errors. Our Court has held that an IAD violation was not waived by the defendant's guilty plea in an opinion which makes no mention of the position of the federal courts. *People v Office*, 126 Mich App 597, 604; 337 NW2d 592 (1983).

We have difficulty with the holding of the federal courts. See *People v Harris*, 148 Mich App 506; 384 NW2d 816 (1986). However, since the IAD is a congressionally sanctioned interstate agreement whose construction presents a federal question, we feel bound by the holding of the federal judiciary. *People v McLemore*, 411 Mich 691, 693-694; 311 NW2d 720 (1981). Therefore, we conclude that defendant waived the alleged violation by pleading guilty.

Affirmed.