■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILFREDO RAMIREZ, Appellant

We find unpersuasive the defendant's contention that the prosecution's evidence was not of adequate quantity or quality to sustain his conviction. Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Upon the exercise of our factual review power, we are satisfied that the verdict is not against the weight of the evidence (see, CPL 470.15 [5]).

Under the circumstances presented in this case, Alberto Ramos, an eyewitness to the murder, was not the defendant's accomplice and therefore his testimony could corroborate that of the other eyewitnesses even if the jury had determined that those other eyewitnesses were accomplices (see, CPL 60.22). Ramos's conduct of "running" with his friends, without more, did not constitute a reasonable basis on which the jury could have concluded that he was an accomplice (see, People v Tucker, 72 NY2d 849). Accordingly, the trial court properly declined to submit the issue to the jury.

The defendant's contention that the People violated the Rosario rule because a report prepared by Detective Russell, one of the People's witnesses, was not given to him, is without merit. The report in question was merely the "duplicate equivalent" of other reports already provided to the defense and thus the prosecution had no obligation to turn it over (see, People v Ranghelle, 69 NY2d 56, 63; People v Consolazio, 40 NY2d 446, 454, cert denied 433 US 914).

The defendant's remaining contentions are without merit. Thompson, J. P., Sullivan, Eiber and Copertino, JJ., concur.