PEOPLE v JONES

Docket No. 123438. Submitted December 10, 1991, at Detroit. Decided February 3, 1992, at 9:30 A.M.

Milton Jones was convicted by a jury in the Recorder's Court of Detroit of being an accessory to murder. The court, George W. Crockett, III, J., denied the defendant's pretrial motion to dismiss pursuant to the provisions of the Interstate Agreement on Detainers after finding that the defendant, within the statutory 120-day period, had agreed to a trial date that was more than 120 days after he had been returned to Michigan and that such an agreement satisfied the statutory requirement and constituted a waiver of the statutory right. The defendant appealed. ·

The Court of Appeals *held:*

Setting a trial date during the statutory period is not sufficient by itself to satisfy the requirement that a defendant be brought to trial within 120 days unless good cause is shown for any delay beyond that period. However, a voluntary agreement by the defendant to set a trial date that is beyond the 120-day period will waive the right to complain that the trial did not commence within the statutory period. Because it is not clear on the record that the defendant participated in the decision to set the trial date or that he voluntarily waived his right to a speedy trial in accordance with the Interstate Agreement on Detainers, remand for further proceedings is necessary.

Remanded.

CRIMINAL LAW — INTERSTATE AGREEMENT ON DETAINERS — WAIVER.

A prisoner who has been returned for trial pursuant to the Interstate Agreement on Detainers voluntarily waives the requirement that trial commence within 120 days of being returned by concurring or participating in a decision to delay the date of trial beyond the 120-day period or by otherwise affirmatively requesting to be treated in a manner contrary to the procedures of article IV(c) (MCL 780.601; MSA 4.147[1]).

REFERENCES

Am Jur 2d, Criminal Law §§ 406, 407, 658, 662.

Validity, construction, and application of Interstate Agreement on Detainers. 98 ALR3d 160.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Ernest O. Hornung,* Assistant Prosecuting Attorney, for the people.

*Robert F. Harrington,* for the defendant.

Before: Michael J. Kelly, P.J., and Sullivan and Connor, JJ.

Connor, J. Defendant was convicted of one count of being an accessory to murder, MCL 750.505; MSA 28.773, and received a sentence of forty to sixty months on July 14, 1989. At the time he was brought to trial in this case on charges of first-degree murder, MCL 750.316; MSA 28.548, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2), defendant was serving time for federal convictions in a federal prison in Arizona. Defendant previously had filed in this Court an application for leave to appeal, Docket No. 117956, from the trial court's order of June 2, 1989, denying his motion to dismiss before trial began. This Court denied leave to appeal. We now remand this matter to the trial court for additional proceedings.

On appeal, defendant again challenges the trial court's denial of his motion to dismiss the charges, arguing that he was entitled to dismissal on the basis of the prosecution's failure to comply with the Interstate Agreement on Detainers (IAD), MCL 780.601; MSA 4.147(1), by failing to bring him to trial within 120 days after his arrival in this state from Arizona. Specifically, defendant argues that the trial court erred in concluding that the parties met in February 1989, before the expiration of the

120-day time period, and informally agreed to a trial date of June 8, 1989, and that this agreement constituted a waiver of trial within the 120-day period. Furthermore, defendant argues that the trial court miscounted the days involved, by not including the days from December 16, 1988, to January 13, 1989, in the 120-day period. Because of our decision, we need not address the latter issue at the present time.

Chronologically, defendant was brought to Michigan to face the charges on September 22, 1988. He was arraigned in district court on September 25, 1988. On October 7, 1988, he was bound over for trial, after a preliminary examination had been held. An arraignment on the information was conducted on October 28, 1988. The arraignment originally had been scheduled for October 21, 1988, but was apparently adjourned by the court because the defendant had been charged in two new cases.

On December 9, the defendant filed numerous motions pertaining to this case and to another case, which involved several codefendants. On December 16, the court began an evidentiary hearing, and defendant's motions were consolidated with similar motions filed by the codefendants in the other case. Defendant did not object at the December 16 hearing to proceeding jointly with the other defendants' motions until the end of the hearing, when a continuance was granted to accommodate an attorney for one of the other defendants. Defendant's attorney would not concur in the adjournment, but he did not object to the adjournment because of the time constraints contained in the IAD. The evidentiary hearing was adjourned on other dates in January and February 1989 because the trial judge was ill. On February 10, 1989, the prosecution was not ready to proceed because witnesses were unavailable. On March 3,

1989, the evidentiary hearing resumed, testimony was elicited, and the matter was continued to March 17, 1989. The March 17, 1989, hearing was adjourned, at the request of the prosecution, after some testimony had been taken. On April 6, 1989, the evidentiary hearing was concluded, and some reference was made to a pending trial date of June 8, 1989.

In reviewing the record to determine if the 120-day limit was violated in this case, the trial court calculated that 176 days had elapsed from the time defendant was brought to this state until he filed his motion to dismiss under the IAD and concluded that the delay was attributable to the prosecution.

> *The Court:* The record should reflect an extended in camera conference held between the Court, Mr. Hood [the prosecutor], Mr. Collins [defense counsel], Mr. Jones, the Defendant, and attended by the officer in charge.
>
> *          *          *
>
> *The Court:* . . . The result of that in camera conference was that the Court has determined that the dates between September 22nd and October 21st, 1988 for statute purposes, are charged to the State of Michigan and total 29 days. That the dates from October 28th to December 9th, 1988 are chargeable to the State and total 42 days. That the dates January 13th to February 10th are chargeable to the State and total 28 days. That the dates February 10th through March 3rd are chargeable to the State and total 21 days. That the dates March 3rd through March 17th are chargeable to the State, totaling 13 days. That the dates from April 6th through May 19th, the date of the filing of the instant motion are chargeable to the State and total 43 days. Sum total: 176 days.
>
> That a trial date of June 8th, 1989 was set at sometime on or prior to April 6th, 1989 and it

remains to be determined on what date that trial date was settled upon as being the operative date as to whether or not the provisions of the statute barring prosecution apply.

Although this period extended beyond the 120-day limit, it was not clear at what point during the 176-day period the trial date was set for June 8, 1989. After numerous discussions and an adjournment for the parties to look into the issue, the trial court held that the June trial date was set on February 22, 1989. In making its decision, the court relied on the journal of daily court activities. No transcript of the discussion in February 1989 concerning a trial date could be located, and, apparently, that discussion was held off the record.

> [*The Court:*] In view of the discussions and calculations, arguments and rulings, that the Court made, I don't think I can classify them as rulings since they weren't on the record, but they were indication of the Court's determination as to what dates were chargeable to the State either through the prosecution or the Court itself, that that trial date having been set, was set by agreement of the parties within—the agreement to that trial date was set within the 120 day period. All parties concerned with regard to this matter are on notice, were then and are now of the 120 day rule. The agreement to a trial date at a time period subsequent to the expiration of that 120 day period has, in this Court's opinion, as it has indicated to you in chambers and rules now, operates as a waiver.
>
> Per force [sic] the motion to dismiss for failure to comply with the 120 day rule of the Interstate Agreement on Detainers being MCL 780.601 *et seq.* is denied.

The trial of this matter began on June 8, 1989.

The IAD is intended to act as a vehicle for

cooperation between the states, including the federal government, to prevent prejudice to prisoners by promoting speedy trials when charges are pending in other jurisdictions. *People v Bentley,* 121 Mich App 36, 40; 328 NW2d 389 (1982); *People v Browning,* 104 Mich App 741, 748, 752-753; 306 NW2d 326 (1981), aff'd on rehearing 108 Mich App 281; 310 NW2d 365 (1981).

Defendant relies upon article IV(c) of the IAD in arguing that he was not timely tried. The relevant portion of that article provides:

> In respect of any proceeding made possible by this Article, *trial shall be commenced within one hundred twenty days of the arrival of the prisoner in the receiving state,* but for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.

Article V(c) provides that failure to comply with article IV results in dismissal:

> If the appropriate authority shall refuse or fail to accept temporary custody of said person, or in the event that an action on the indictment, information or complaint on the basis of which the detainer has been lodged is not brought to trial within the period provided in . . . Article IV hereof, the appropriate court of the jurisdiction where the indictment, information or complaint has been pending shall enter an order dismissing the same with prejudice, and any detainer based thereon shall cease to be of any force or effect.

In order to comply with the 120-day requirement in article IV, the prosecution must bring the defendant to trial within the 120-day period unless good cause is demonstrated for the delay or the

delay is caused by the defendant's request or is attributable to the defendant on account of his unavailability. *People v Meyers (On Remand),* 124 Mich App 148, 154; 335 NW2d 189 (1983); *People v Cook,* 95 Mich App 645, 652-653; 291 NW2d 152 (1980). See also *People v Webster,* 130 Mich App 442, 443-444; 343 NW2d 589 (1983). Accordingly, in this case, the trial court erred in ruling that setting a trial date during the 120-day period was sufficient to comply with article IV.

We still must determine whether the trial court correctly found that the statutory right to a speedy trial under the IAD was waived by defendant. Michigan courts have not addressed previously the issue of a waiver under similar facts. In *People v Browning (On Rehearing),* 108 Mich App 281, 288, 296-298; 310 NW2d 365 (1981), the defendant and his attorney both signed a stipulation that purportedly waived rights under the IAD. The panel in *People v Harris,* 148 Mich App 506; 384 NW2d 816 (1986), discussed the waiver issue as it related to guilty pleas. The *Harris* panel noted, however, that the IAD presents a federal question that required an analysis under federal law on the waiver issue, *Harris, supra,* 511-512, although they were able to resolve their case by applying state law pertaining to the ineffective assistance of counsel. In the present case, we are required to follow the federal courts' interpretation of the IAD with respect to the waiver of rights under the IAD, because the IAD presents a federal question. See *People v McLemore,* 411 Mich 691, 693-694; 311 NW2d 720 (1981), citing *Cuyler v Adams,* 449 US 433; 101 S Ct 703; 66 L Ed 2d 641 (1981). See also *People v Wanty,* 189 Mich App 291, 293; 471 NW2d 922 (1991).

The Sixth Circuit has held that the rights created under article IV of the IAD are for the benefit

of the prisoner, for his protection, and therefore are personal to the prisoner. *United States v Eaddy,* 595 F2d 341, 344 (CA 6, 1979). Accordingly, rights under the IAD may be waived. *Id.*

> In all cases where a prisoner is aware of and understands the provisions of Article IV, as well as his rights thereunder, a prisoner can waive those rights, so long as the waiver is voluntary. *Johnson v Zerbst,* 304 US 458; 58 S Ct 1019; 82 L Ed 1461 (1938). We also hold the substantive rights accorded to a prisoner under Article IV may be waived, even though the prisoner is not aware of those rights, where there is an affirmative request to be treated in a manner contrary to the procedures prescribed by Article IV(c) or (e). *United States v Ford* [550 F2d 732, 742 (CA 2, 1977)]; *United States v Scallion,* 548 F2d 1168 (CA 5, 1977), cert den 436 US 943; 98 S Ct 2843; 56 L Ed 2d 784 (1978). *Compare United States v Dixon,* 592 F2d 329 (CA 6, 1979). [*Eaddy, supra* at 344.]

See also *Kowalak v United States,* 645 F2d 534, 536-537 (CA 6, 1981); *Mars v United States,* 615 F2d 704, 707 (CA 6, 1980), cert den 449 US 849; 101 S Ct 138; 66 L Ed 2d 60 (1980).

Although defendant in this case asserted before his trial began his right to a speedy trial pursuant to the IAD, the trial court's decision on the motion to dismiss was premised on the belief that the defendant, by agreeing in February 1989 to a trial date of June 8, 1989, waived his right to a trial within 120 days of arriving in this state. From our review of the record, this decision was arrived at independently by the trial court without the benefit of any record or testimony relating to the surrounding circumstances or the discussions that preceded setting the date of the trial. Because a defendant must voluntarily waive his rights under the IAD, we believe the trial court must consider if

defendant participated in the decision to set the June 1989 trial date. *Eaddy, supra.* In addition, if the decision regarding the trial date was made independently by defendant's trial counsel, or exclusively by the court without objection, the failure of trial counsel to consider the speedy trial defense presented by the IAD before setting a trial date may implicate Sixth Amendment guarantees and render the waiver of rights under the IAD invalid because of ineffective assistance of trial counsel. *Harris, supra* at 510, 512; *Kowalak, supra* at 537-538. Before the trial court can conclude that defendant waived his rights under the IAD, it must determine if he concurred or participated in the decision to delay trial in this case or otherwise affirmatively requested to be treated in a manner contrary to the procedures in article IV(c).

Remanded for additional proceedings. We retain jurisdiction.