■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SALVATORE DAGNONE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered May 29, 1990, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was not deprived of his constitutional right to the effective assistance of counsel. A review of the totality of the evidence, the law, and the circumstances of this case as of the time of representation, shows that the defendant was provided with meaningful representation (see, People v Rivera, 71 NY2d 705; People v Baldi, 54 NY2d 137). Although defense counsel's decision not to timely inform the court or the prosecutor of the alibi witness might have been misguided, it was a reasonably plausible strategic decision (see, People v Bell, 48 NY2d 933) in view of the circumstances of this case, and the fact that the court may, in its discretion, receive such

testimony at any time. A contention of ineffective assistance of trial counsel requires proof of less than meaningful representation, rather than simple disagreement with strategies and tactics *(see, People v Rivera, supra; People v Benn,* 68 NY2d 941; *People v Baveghems,* 137 AD2d 822).

The court also properly declined the defendant's request to charge that the jury could determine as a question of fact whether the prosecution's principal witness was an accomplice on the murder count, since there was no reasonable view of the evidence to support such a charge. Even if the witness knowingly assisted the defendant in disposing of the gun and his blood-stained clothes and gloves so as to be guilty of the crime of hindering prosecution as an "accessory after the fact", no accomplice charge would be warranted under CPL 60.22 *(see, People v Cruz,* 176 AD2d 953; *People v Tusa,* 137 AD2d 151).

We have considered the contentions raised in the defendant's supplemental *pro se* brief and find them to be without merit. Bracken, J. P., Lawrence, O'Brien and Santucci, JJ., concur.