PEOPLE v JONES (AFTER REMAND)

Docket No. 123438. Submitted December 10, 1991, at Detroit. Decided November 17, 1992, at 10:10 A.M. Leave to appeal sought.

Milton Jones was convicted by a jury in the Recorder's Court for the City of Detroit, George W. Crockett, III, J., of being an accessory to murder. The court denied the defendant's pretrial motion to dismiss pursuant to the provisions of the Interstate Agreement on Detainers, MCL 780.601; MSA 4.147(1), after finding that the defendant, within the statutory 120-day period, had agreed to a trial date that was more than 120 days after his return to Michigan and that the agreement satisfied the statutory requirement and was a waiver of his statutory right. The defendant appealed. The Court of Appeals, MICHAEL J. KELLY, P.J., and SULLIVAN and CONNOR, JJ., held that setting a trial date during the statutory period is not sufficient by itself to satisfy the requirement that a defendant be brought to trial within 120 days unless good cause is shown for any delay beyond that period. However, a voluntary agreement by the defendant to set a trial date that is beyond the 120-day period will waive the right to complain that the trial did not commence within the statutory period. Because it was not clear on the record that the defendant participated in the decision to set the trial date or that he voluntarily waived his right to a speedy trial, the Court of Appeals remanded for additional proceedings. 192 Mich App 737 (1992). On remand, the trial court determined that the defendant was not personally involved in the setting of a trial date, but was aware that he had a right to a trial within 120 days under the agreement, and, by April 1989, had notice that the trial was scheduled for a date

REFERENCES

Am Jur 2d, Criminal Law §§ 404-407, 658-659.

Availability of postconviction relief under 28 USCS § 2254 based on alleged governmental violation of Interstate Agreement on Detainers Act (18 USCS Appx). 63 ALR Fed 155.

Availability of postconviction relief under 28 USCS sec. 2255 based on alleged governmental violation of the Interstate Agreement on Detainers Act (18 USCS Appx). 58 ALR Fed 443.

Validity, construction, and application of Interstate Agreement on Detainers. 98 ALR3d 160.

well beyond the 120-day period. The defendant's trial attorney had agreed to the trial date, which, under article IV(c) of the agreement was sufficient to bind the defendant. The court held that the defendant voluntarily waived his right to a trial within 120 days.

After remand, the Court of Appeals *held:*

The testimony on remand clearly demonstrates that the defendant voluntarily waived his right to a trial within 120 days. The defendant's attorney agreed to a date that was convenient for all parties and necessary to accommodate defense counsel's scheduling conflicts. Defense counsel's agreement to a trial date beyond the 120-day period constitutes a waiver. The record does not demonstrate ineffective assistance by the defendant's trial counsel.

Affirmed.

1. CRIMINAL LAW — INTERSTATE AGREEMENT ON DETAINERS — WAIVER.

A waiver of rights under the Interstate Agreement on Detainers is established where a defendant, either expressly or impliedly, agrees or requests to be treated in a manner contrary to the terms of the agreement; silence by a defendant and his counsel when a trial date beyond the statutory 120-day time limit is set does not amount to a waiver; however, an affirmative request by defense counsel for a trial date beyond the statutory time period may be sufficient to waive the defendant's rights (MCL 780.601; MSA 4.147[1]).

2. CRIMINAL LAW — INTERSTATE AGREEMENT ON DETAINERS — WAIVER.

A defendant need not know the specific protections afforded by the Interstate Agreement on Detainers in order to effectively waive its provisions; the defendant generally must object to those procedures or actions by the trial court that may infringe upon the protections afforded by the agreement in order to avoid waiving any rights under it; conduct that is inconsistent with the agreement will be viewed as establishing a waiver of statutory rights (MCL 780.601; MSA 4.147[1]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Ernest O. Hornung,* Assistant Prosecuting Attorney, for the people.

*Ben M. Gonek,* for the defendant on appeal.

AFTER REMAND

Before: MICHAEL J. KELLY, P.J., and SULLIVAN and CONNOR, JJ.

CONNOR, J. In a previous opinion, *People v Jones,* 192 Mich App 737; 482 NW2d 207 (1992), we remanded this case to the trial court to address in an evidentiary hearing whether defendant voluntarily waived his right to a trial within 120 days of arriving in this state by requesting or concurring in the decision to set a trial date for June 1989 or otherwise affirmatively requesting to be treated in a manner contrary to the procedures in article IV(c) of the Interstate Agreement on Detainers (IAD), MCL 780.601; MSA 4.147(1). *Jones, supra,* p 745. Evidentiary hearings were held on February 28, 1992, and March 6, 1992.

Defendant's trial attorney, Jeffrey Collins, explained that he was representing defendant with regard to three separate pending prosecutions. In this particular case, codefendants were added at a later time. Early in these proceedings, defendant communicated to his attorney that he objected to adjournments and did not want to waive his rights under the IAD.

Defendant's trial counsel had limited independent recollection of how the trial date was scheduled. Collins believed that after a date for the codefendants' trial was set, he was merely asked if that date was convenient. Because it was convenient, Collins agreed to the proposed trial date. Collins could not recall talking with defendant about the June 8 trial date, and had no recall of defendant expressing an objection to trial being held at that time.

The trial court's clerk stated that it was his procedure to set trial dates only when all attorneys were present, otherwise it is too difficult to decide on a mutually agreeable date where multiple defendants are involved. Defendant was not present when the attorneys set a date.

Defendant explained that he was aware of the rights provided to him as a result of the IAD on the basis of his own research while in federal prison. Defendant had objected to other adjournments in this case on the basis of the IAD. According to defendant, he was first informed on April 6, 1989, that there was a June 8, 1989, trial date. He was not present when the trial date was chosen and was never apprised of the circumstances that were relied upon in setting the date. Defendant adamantly denied that he would have waived his rights to a timely trial under the IAD. He claimed that he did not object because he felt he had no input regarding what day the case would be tried on.

The assistant prosecutor handling this case, Robert Hood, recalled that the June 1989 trial date was scheduled as early as February 22, 1989. The June trial date was also reflected in an entry in the court's journal. A trial date for another of defendant's cases, the Davis case, was set for May 24, 1989. Hood explained that some extra preparations were required for this case, because one of the necessary witnesses was in the federal witness-protection program. Hood was reasonably certain that defendant was not present when trial dates were discussed, and admitted that he never secured a waiver from defendant regarding rights under the IAD.

In our previous opinion, we addressed the right of a defendant to waive a trial within 120 days as article IV of the IAD provides.

The Sixth Circuit has held that the rights created under article IV of the IAD are for the benefit of the prisoner, for his protection, and therefore are personal to the prisoner. *United States v Eaddy,* 595 F2d 341, 344 (CA 6, 1979). Accordingly, rights under the IAD may be waived. *Id.*

"In all cases where a prisoner is aware of and understands the provisions of Article IV, as well as his rights thereunder, a prisoner can waive those rights, so long as the waiver is voluntary. *Johnson v Zerbst,* 304 US 458; 58 S Ct 1019; 82 L Ed 1461 (1938). We also hold the substantive rights accorded to a prisoner under Article IV may be waived, even though the prisoner is not aware of those rights, where there is an affirmative request to be treated in a manner contrary to the procedures prescribed by Article IV(c) or (e). *United States v Ford* [550 F2d 732, 742 (CA 2, 1977)]; *United States v Scallion,* 548 F2d 1168 (CA 5, 1977), cert den 436 US 943; 98 S Ct 2843; 56 L Ed 2d 784 (1978). *Compare United States v Dixon,* 592 F2d 329 (CA 6, 1979)." [*Eaddy, supra* at 344.]

See also *Kowalak v United States,* 645 F2d 534, 536-537 (CA 6, 1981); *Mars v United States,* 615 F2d 704, 707 (CA 6, 1980), cert den 449 US 849; 101 S Ct 138; 66 L Ed 2d 60 (1980). [*Jones, supra,* pp 743-744.]

Because the rights afforded to defendants pursuant to the IAD are statutory and not constitutional, federal courts have required that a waiver of rights under the IAD need only meet the test of voluntariness, and need not be knowingly and intelligently made. *Yellen v Cooper,* 828 F2d 1471, 1474 (CA 10, 1987); *United States v Lawson,* 736 F2d 835, 838-839 (CA 2, 1984).

A waiver is established when a defendant, either expressly or impliedly, agrees or requests to be treated in a manner contrary to the terms of the IAD. *Lawson, supra,* p 840. Valid waivers have been found where either the defendant or his

attorney agree to a continuance or a later trial date, *United States v Odom,* 674 F2d 228, 229-230 (CA 4, 1982), or the defendant pleads guilty or proceeds to trial after the statutory time limit has expired without a claim for relief being raised. *Kowalak, supra,* p 537; *People v White,* 33 AD2d 217, 220-221; 305 NYS2d 875 (1969). Compare *Ford, supra,* p 743; *Stroble v Anderson,* 587 F2d 830, 839 (CA 6, 1978). While silence by a defendant and his counsel when a trial date is set does not amount to a waiver, an affirmative request by defense counsel for a trial date beyond the statutory trial period can be sufficient to waive the defendant's rights. *People v Allen,* 744 P2d 73, 75 (Colo, 1987).

The defendant need not know the specific protections afforded him under the IAD in order to effectively waive its provisions. *Lawson, supra,* pp 837-838; *Odom, supra,* p 230. To avoid waiving any rights under the IAD, the defendant generally must object to those procedures or actions by the trial court that may infringe upon the protections afforded by the IAD, *Odom, supra,* pp 231-232. Conduct that is inconsistent with the IAD will be viewed as establishing a waiver of statutory rights. *Yellen, supra,* pp 1474, 1476.

From the evidentiary hearing testimony it is apparent that defendant was not personally involved in the setting of a trial date. However, defendant was aware that he had a right to a trial within 120 days under the IAD and, by April 1989, was on notice that the trial was scheduled for a date well beyond the 120-day period. Defendant's trial attorney agreed to a trial date, which under article IV(c) of the IAD was sufficient to bind defendant. MCL 780.601; MSA 4.147(1).

From our review of the record, it appears that neither defendant nor his counsel objected to the

trial date, in part because defendant had another trial scheduled for May 24, 1989, and was being represented by the same trial counsel. Moreover, at the time the trial date was set, there still were defense motions pending that required resolution. It was highly unlikely that defendant could have been brought to trial in this case any sooner without causing some hardship to his defense either in this case or in his other pending cases. We believe the testimony clearly demonstrates defendant voluntarily waived his right to a trial within 120 days.[1]

We likewise do not believe defendant has met the test for ineffective assistance of counsel. *People v Harris,* 148 Mich App 506, 512; 384 NW2d 816 (1986). An attorney's agreement to a trial date set beyond the expiration date of the 120-day period is not per se ineffective assistance of counsel. Many factors can enter into such a decision, including the time necessary to prepare a defense and procure all witnesses. See *People v Rhoden,* 216 Cal App 3d 1242, 1255; 265 Cal Rptr 355 (1989). On the present record, we are not convinced that defendant has demonstrated that his trial counsel's performance was deficient. In light of the severe time constraints occasioned by conflicts with defen-

---

[1] Although the Colorado Supreme Court's decision in *People v Allen, supra,* appears to be on point, we believe it is distinguishable on the facts. In this case, defendant's attorney agreed with the date set by the other attorneys in this case for trial because it was convenient for all parties. In contrast, in *Allen* the trial court had set the date without input from the attorneys, but defense counsel and the defendant merely acquiesced in the trial date set by the court. *Allen, supra,* pp 76, 78.

We believe defense counsel's agreement to a trial date is similar to an affirmative request for a date beyond the 120-day period and therefore constitutes a waiver. *Allen, supra,* p 76. The record suggests that a later trial date was necessary in this case to accommodate defense counsel's scheduling conflicts. See *Drescher v Superior Court,* 218 Cal App 3d 1140, 1147-1148; 267 Cal Rptr 661 (1990); *People v Sampson,* 191 Cal App 3d 1409, 1414-1417; 237 Cal Rptr 100 (1987), and cases cited therein.

dant's other pending cases, the waiver of an earlier trial date appears to be justified as a matter of convenience and to allow sufficient time for counsel to properly prepare this case for trial.

Affirmed.