◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE PAULINO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Pitaro, J.), rendered January 2, 1991, convicting him of criminal possession of a weapon in the third degree and criminal trespass in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The alleged instances of prosecutorial misconduct, most of which have not been preserved for appellate review, did not constitute reversible error. Contrary to the defendant's contention, the prosecutor did not improperly use the defendant's post-arrest silence, since the trial court sustained the defendant's objection and prevented the witness from testifying as to whether the defendant made a statement after his arrest. Moreover, while some of the prosecutor's comments might otherwise have exceeded the bounds of permissible rhetoric, they were not unreasonable in light of the comments made by the defense counsel during summation *(see, People v Rawlings,* 144 AD2d 500; *People v Centino,* 133 AD2d 776). However, the prosecutor's comments which implied that the defendant was involved in a drug operation with his codefendant were improper, since such a conclusion was not fairly inferrable from the evidence *(see, People v Ashwal,* 39 NY2d 105). These comments, however, did not constitute reversible error in light of the overwhelming evidence of the defendant's guilt *(see, People v Crimmins,* 36 NY2d 230).

The trial court did not err in admitting the statement of a codefendant who did not testify. The statement did not implicate the defendant in any wrongdoing and thus did not deprive him of his Sixth Amendment right to confront the witnesses against him *(see, Cruz v New York,* 481 US 186; *Bruton v United States,* 391 US 123).

Additionally, the trial court's denial of the defendant's severance motion was proper. The defendant was not unduly prejudiced by the admission of testimony regarding his codefendant's threats to a witness, since the trial court instructed the jury that the evidence was only to be considered as evidence of the codefendant's consciousness of guilt and was not to be used as direct evidence against the defendant *(see,* CPL 200.40 [1]; *People v Berg,* 59 NY2d 294, 299-300).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Balletta, J. P., Rosenblatt, Miller and O'Brien, JJ., concur.