■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK SACCO, Appellant. [604 NYS2d 971] —Appeals by the defendant (1) from a judgment of the County Court, Orange County (Byrne, J.), rendered May 2, 1991, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence, and (2), by permission, from an order of the same court dated December 18, 1991, which denied, without a hearing, the defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction.

Ordered that the judgment and the order are affirmed.

The defense counsel's statement to the prosecutor waiving the defendant's right to a speedy trial under the Interstate Agreement on Detainers (CPL 580.20) was binding on the defendant (see, People v Panarella, 50 AD2d 304). Although the defendant contends that the defense counsel failed to obtain his consent to the waiver, the waiver is nonetheless binding, since the defendant was aware that he had a right to a trial within the time limits of the Interstate Agreement on Detainers and failed to object to the continued delay of his trial (see, People v Jones, 197 Mich App 76, 495 NW2d 159).

Notably, in the present case, the defendant moved for various other relief *pro se* throughout the trial. In any event, the defendant's right to a speedy trial under the Interstate Agreement on Detainers was not violated, since the delay chargeable to the People did not exceed applicable time limits.

Equally meritless is the defendant's contention that he was deprived of his Federal constitutional right to be present at the trial court's interview of prospective jurors regarding pretrial publicity *(see, People v Sloan,* 79 NY2d 386; *People v Hannigan,* 193 AD2d 8, 13, n 3). Notably, the rule set forth in *People v Sloan (supra)* was predicated upon State law rather than Federal constitutional grounds. In *People v Hannigan (supra),* this Court noted that *People v Sloan (supra)* should be applied prospectively only, and the voir dire in the instant case occurred prior to the ruling in *Sloan.*

At the trial, the prosecution's main witness, who testified under a grant of immunity, said that he brought the victim to the scene of the shooting at the defendant's request. The witness testified that after he had walked away from the defendant and the victim, he heard a "popping" sound, and then turned to see the defendant holding a gun and the victim on the ground, fatally shot. The witness then helped the defendant bury the victim and conceal the crime. However, the witness testified that he had no prior knowledge of the defendant's plan to kill the victim.

The defendant argues that this witness was an accomplice for the purpose of the corroboration requirement of CPL 60.22, and there was insufficient independent evidence to corroborate his testimony. However, the evidence, viewed in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), supports a finding that the witness was an accessory after the fact, and thus not an accomplice for purposes of the corroboration requirement of CPL 60.22 *(see, People v Dagnone,* 187 AD2d 604, 605; *People v DeMatteis,* 186 AD2d 460; *People v Kretchmer,* 181 AD2d 1043).

We also reject the defendant's contention that he was deprived of the effective assistance of counsel. Viewing the defense counsel's performance in its entirety, we conclude that the defendant was afforded meaningful representation *(see, People v Rivera,* 71 NY2d 705, 707).

The County Court did not err in denying the defendant's motion to vacate the judgment of conviction pursuant to CPL 440.10 without a hearing, since the facts set forth in the defendant's motion papers, even if true, would not entitle the

defendant to a vacatur of the judgment of conviction *(see, People v Ferreras,* 70 NY2d 630; *People v Satterfield,* 66 NY2d 796, 799; *People v Liggins,* 181 AD2d 916).

We have considered the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be either unpreserved for appellate review or without merit. Thompson, J. P., Bracken, Balletta and Santucci, JJ., concur.