■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT NAPOLITANO, Appellant. [627 NYS2d 71] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered February 1, 1993, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the court should have submitted to the jury the issue of whether two key witnesses were accomplices as a matter of fact, with the result that their testimony required corroboration, is unpreserved for appellate review (see, People v James, 75 NY2d 874; People v Mahan, 195 AD2d 881). In any event, there is no reasonable view of the trial evidence which could support a conclusion that the witnesses in question participated in the defendant's crime or in a crime based on the same facts or conduct as the defendant's crime (see, CPL 60.22 [2]; People v Jones, 73 NY2d 902; People v Tucker, 72 NY2d 849; People v LaFuente, 187 AD2d 613; People v Dagnone, 187 AD2d 604). Although the evidence establishes that the defendant and his accomplices planned the murder at the apartment of these two witnesses, the record is devoid of proof that the witnesses participated in any way in the preparations, or were at all involved in the crime itself (see, People v Tucker, supra).

The defendant's sentence is not excessive (see, People v Suitte, 90 AD2d 80). Pizzuto, J. P., Hart, Friedmann and Florio, JJ., concur.