■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH CARDONA, Appellant. [793 NYS2d 542]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Mullin, J.), rendered December 18, 2001, convicting him of murder in the second degree, kidnapping in the first degree, kidnapping in the second degree, and conspiracy in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's contention that the County Court should have instructed the jury that two key witnesses were ac-

complices as a matter of law, with the result that their testimony required corroboration, is unpreserved for appellate review (*see* CPL 470.05 [2]; *cf. People v Napolitano,* 215 AD2d 782 [1995]). In any event, the County Court properly submitted the issue of whether the witnesses were accomplices to the jury as a question of fact since different inferences regarding their complicity could reasonably be drawn from the evidence at trial (*People v Besser,* 96 NY2d 136, 147 [2001]; *People v Cobos,* 57 NY2d 798 [1982]; *People v Jeffries,* 122 AD2d 281 [1986]; *People v Ramos,* 68 AD2d 748 [1979]). Contrary to the defendant's contention, the County Court also properly determined that Maurice Brown was not an accomplice as to require corroboration. "[H]e was, at most, an 'accessory after the fact,' whose testimony needed no corroboration under CPL 60.22" (*People v Kingsberry,* 11 AD3d 561, 562 [2004]; *see People v Sacco,* 199 AD2d 288 289 [1993]).

The prosecutor's remark in his opening statement that a codefendant led the police to the victim's body did not refer to any statement by that codefendant which implicated the defendant in any wrongdoing, and thus did not deprive the defendant of his Sixth Amendment right to confront the witnesses against him (*see Bruton v United States,* 391 US 123 [1968]; *People v Johnson,* 224 AD2d 635, 638 [1996]; *People v Paulino,* 187 AD2d 736 [1992]; *People v Davis,* 156 AD2d 376 [1989]; *People v Quinones,* 141 AD2d 569 [1988]). H. Miller, J.P., Cozier, Rivera and Skelos, JJ., concur.