◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NAJEE PLAYER, Appellant. [793 NYS2d 536]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Mullen, J.), rendered August 6, 2001, convicting him of murder in the second degree, kidnapping in the first degree, kidnapping in the second degree, and conspiracy in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's contention that the County Court should have instructed the jury that three key witnesses were accomplices as a matter of law, with the result that their testimony required corroboration, is unpreserved for appellate review (*see* CPL 470.05 [2]; *cf. People v Napolitano*, 215 AD2d 782 [1995]). In any event, the County Court properly determined that the witness Maurice Brown was not an accomplice for purposes of the corroboration requirement. "[H]e was, at most, an 'accessory after the fact,' whose testimony needed no corroboration under CPL 60.22" (*People v Kingsberry*, 11 AD3d 561, 562 [2004], *lv denied* 3 NY3d 758 [2004], quoting *People v Dygert*, 229 AD2d 735, 736 [1996]; *People v Sacco*, 199 AD2d 288, 289 [1993]). The County Court also properly submitted the issue of whether the two other key witnesses were accomplices to the jury as a question of fact since different inferences regarding their complicity could reasonably be drawn from the evidence at trial (*see People v Besser*, 96 NY2d 136, 147 [2001]; *People v Cobos*, 57 NY2d 798 [1982]; *People v Jeffries*, 122 AD2d 281 [1986]).

The County Court properly refused to charge the jury on unlawful imprisonment in the first degree as a lesser-included offense of the kidnapping charges. Unlawful imprisonment in the first degree is not a lesser-included offense of kidnapping in the first degree or kidnapping in the second degree (*see People v Ahedo*, 229 AD2d 588 [1996]; *People v Fonseca*, 229 AD2d 591 [1996]; *cf. People v Linderberry*, 222 AD2d 731, 733-734 [1995]; *People v Tillman*, 69 AD2d 975, 976 [1979]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, either are unpreserved for appellate review or without merit. H. Miller, J.P., Cozier, Rivera and Skelos, JJ., concur.