THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES ARGENTINA, Appellant. [813 NYS2d 99]—

Appeals by the defendant from (1) a judgment of the County Court, Suffolk County (Mullin, J.), rendered August 6, 2001, convicting him of kidnapping in the second degree and conspiracy in the fourth degree, upon a jury verdict, and imposing sentence, and (2), by permission, from an order of the same court (Braslow, J.), dated October 21, 2004, which denied, without a hearing, his motion to vacate the judgment pursuant to CPL 440.10 (1) (h).

Ordered that the judgment and the order are affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's contention that the trial court should have instructed the jury that two key witnesses were accomplices as a matter of law, with the result that their testimony required corroboration, is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Lipton,* 54 NY2d 340, 351 [1981]). In any event, the trial court "properly submitted the issue of whether the two . . . key witnesses were accomplices to the jury as a question of fact since different inferences regarding their complicity could reasonably be drawn from the evidence at trial" (*People v Player,* 17 AD3d 701, 702 [2005]; *see People v Besser,* 96 NY2d 136, 147 [2001]; *People v Cobos,* 57 NY2d 798 [1982]; *People v Jeffries,* 122 AD2d 281 [1986]).

The trial court properly refused to charge unlawful imprisonment in the first degree as a lesser-included offense of the kidnapping charge. "Unlawful imprisonment in the first degree is not a lesser-included offense of . . . kidnapping in the second degree" (*People v Player, supra* at 702).

Contrary to the defendant's contention, defense counsel's simultaneous representation in an unrelated matter of the defendant's father, who was present during the commission of the subject crimes, but was neither indicted nor called as a witness in connection with this case, did not establish a significant possibility of a conflict, or that the dual representation affected the defense (*see People v Reape,* 162 AD2d 634 [1990]; *People v Martin,* 145 AD2d 440, 441 [1988]). Accordingly, the defendant's motion pursuant to CPL 440.10 (1) (h) was properly denied.

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Schmidt, J.P., Adams, Luciano and Lifson, JJ., concur.