THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MONROE B. BUSSEY, Appellant. [919 NYS2d 71]—

The defendant and a codefendant, Earl Bell, Jr., who was tried separately, were indicted for crimes related to their beating of Jeffrey Beary (hereinafter the victim) in an alley leading to the backyard of Bell's home. During the beating, which lasted up to 20 minutes, the victim sustained multiple blows, abrasions and lacerations to the head, a fractured collarbone, three fractured ribs, and a punctured lung that caused air to enter his chest cavity. The victim was stripped of his clothing and his head was wrapped in a blanket secured with tape. The victim, while moaning, was placed into the trunk of the defendant's car, driven approximately 18 miles from Newburgh to Poughkeepsie, and dumped in a shallow creek. The Medical Examiner testified that the victim vomited inside the blanket and had lived for an hour or two after aspirating his gastric contents.

The jury acquitted the defendant of intentional murder (*see* Penal Law § 125.25 [1]) but convicted him of, among other things, depraved indifference murder (*see* Penal Law § 125.25 [2]). Viewing the evidence in the light most favorable to the prosecution, as we must (*see People v Contes*, 60 NY2d 620 [1983]), we find that this case falls within the small and finite category of cases where the evidence was legally sufficient to establish the defendant's guilt of the crime of depraved indifference murder. On these facts, there is a valid line of reasoning and permissible inferences by which a rational jury could have determined that the defendant, while not intending to kill, acted with the conscious objective of engaging in "torture or a brutal, prolonged and ultimately fatal course of conduct against a particularly vulnerable victim" (*People v Suarez*, 6 NY3d 202, 212 [2005]; *see People v Nunez*, 51 AD3d 1398 [2008]).

Again viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d at 620), we also find that it was legally sufficient to establish the defendant's guilt of felony murder (*see* Penal Law § 125.25 [3]) and kidnapping in the first degree (*see* Penal Law § 135.25 [3]) beyond a reasonable doubt. The restraint of the victim, who was alive prior to the kidnapping, but died approximately one to two hours thereafter, was not " 'so much the part of another substantive crime that the substantive crime could not have been committed without such acts and that independent criminal responsibility may not fairly be attributed to them' " (*People v Gonzalez*, 80 NY2d 146, 153 [1992], quoting *People v Cassidy*, 40 NY2d 763, 767 [1976]). The acts constituting the kidnapping were discrete acts. These discrete acts did not constitute "a minimal intrusion necessary and integral to another crime" (*People v Gonzalez*, 80 NY2d at 153). Thus, the merger doctrine is inapplicable

in this case (*see People v Collazo*, 45 AD3d 899, 901 [2007]; *People v Wegman*, 2 AD3d 1333, 1336 [2003]; *People v Hinton*, 258 AD2d 874 [1999]; *People v Cannon*, 236 AD2d 294, 295 [1997]; *People v Chronis*, 209 AD2d 712, 713 [1994]).

The defendant's contention that the evidence was legally insufficient to support his convictions of tampering with physical evidence and criminal possession of marijuana in the fourth degree is unpreserved for appellate review (*see* CPL 470.05 [2]) and, in any event, is without merit.

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt of murder in the second degree (depraved indifference murder), murder in the second degree (felony murder), kidnapping in the first degree, tampering with physical evidence, and criminal possession of marijuana in the fourth degree was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that the submission to the jury of both intentional murder and depraved indifference murder deprived him of his right to due process of law is unpreserved for appellate review (*see* CPL 470.05 [2]) and, in any event, is without merit (*see People v Joseph*, 68 AD3d 1534, 1536 [2009], *cert denied* 562 US —, 131 S Ct 797 [2010]; *People v Diaz*, 14 Misc 3d 1211[A], 2006 NY Slip Op 52489[U] [2006]).

The defendant's contentions that two prosecution witnesses were accomplices as a matter of law, and that the prosecutor improperly used statements made to the police by the codefendants during the direct examination of a detective and the cross-examination of the defendant are without merit (*see People v Besser*, 96 NY2d 136, 147 [2001]; *People v Jones*, 73 NY2d 902, 903 [1989]; *People v Tucker*, 72 NY2d 849, 850 [1988]; *People v Pelsey*, 60 AD3d 1088, 1088-1089 [2009]; *People v Martinez*, 59 AD3d 361, 362 [2009]; *People v Shelton*, 31 AD3d 791, 792 [2006]; *People v Cardona*, 17 AD3d 692, 692-693 [2005]; *cf. People v Ahmad*, 225 AD2d 629 [1996]).

The defendant's contention that a remark made by the prosecutor at the start of her summation so prejudiced him that his conviction must be reversed is without merit, as that remark constituted fair comment on the evidence (*see People v Galloway*, 54 NY2d 396, 399 [1981]; *People v Ashwal*, 39 NY2d 105

[1976]; *People v Harris*, 74 AD3d 984, 986 [2010]; *cf. People v Kennedy*, 216 AD2d 491 [1995]). Dillon, J.P., Florio, Dickerson and Cohen, JJ., concur.