THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAGJIT BAL, Appellant. [921 NYS2d 905]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gavrin, J.), rendered October 9, 2009, convicting him of tampering with a witness in the third degree and criminal contempt in the third degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo,* 2 NY3d 383 [2004], *cert denied* 542 US 946 [2004]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

Contrary to the defendant's contention, the Supreme Court properly exercised its discretion in permitting the People to introduce evidence of the defendant's prior bad acts involving the complainant (*see People v Rock,* 65 AD3d 558 [2009]).

The defendant's contention that he was deprived of a fair trial by certain summation remarks made by the prosecutor is without merit, as the remarks did not improperly shift the burden of proof to the defendant and constituted fair comment on the evidence or fair response to defense counsel's summation (*see People v Bussey,* 82 AD3d 1002 [2011]; *People v Bran,* 82 AD3d 1000 [2011]; *People v Williams,* 13 AD3d 660 [2004]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Mastro, J.P., Balkin, Leventhal and Belen, JJ., concur.